No. 49.—WILLIAM R. MURPHY, plaintiff in error, *vs.* NEWMAN POUND and WIFE, defendants.

[1.] A bill cannot be maintained directly, at the instance of legatees or distributees, to recover personal property, except through the legal representative of the estate of the deceased.

In Equity, from Monroe Superior Court. Tried before Judge STARK. February Term, 1852.

Newman Pound and Wife filed their bill, alleging that Mrs. Horne, the grand-mother of Mrs. Pound, had departed this life leaving a will, bequeathing her whole estate to be equally divided among four persons, one of whom was Mrs. Pound.

William R. Murphy was appointed executor of this will, and had it offered for probate and established, but never qualified as executor.

By the will, Murphy was also appointed trustee of the property left to Mrs. Pound.

The property of the testatrix was in possession of Murphy; and no executor had qualified, and no administrator been appointed.

The bill prayed for a discovery of the assets of the deceased,

Murphy *vs.* Pound and Wife.

in the hands of Murphy, and for the application of one-fourth part to the benefit of Mrs Pound, as provided by the will.

Demurrer for want of proper parties being overruled by the Court, the defendant excepted thereto.

HAMMOND and PINCKARD, for plaintiffs in error.

WHITTLE, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This bill was filed by Newman Pound and Martha G. Pound, his wife, to recover of William R. Murphy, a legacy bequeathed to the complainants, by Elizabeth Horne, the grandmother of Mrs. Pound.

It alleges, that by her will she left to them one-fourth part of her estate, which amounted to some $15,000, or other large sum. The defendant, who was appointed by said will trustee for Mrs. Pound, submitted the will to the proper Court, where it was proven and admitted to record. No executor was nominated; nor has administration with the will annexed, been granted upon the estate of Mrs. Horne.

It appears from the answer of Murphy, that the will was made for a special purpose, and that in carrying it to probate and record, that object would be attained.

Murphy, who resided with the testatrix at the time of her death, took charge of every thing which was in the possession of Mrs. Horne, as the property of the estate of John Horne, her deceased husband, who had given a life interest in it to his wife; but he utterly denied that she owned any estate, to dispose of by her will; moreover, he insisted, that suit could not be maintained against him by the complainants, to compel a distribution of the estate of Elizabeth Horne, if she had any, until it should be represented by the appointment of an administrator, with the will annexed ; that he alone was competent to collect together the estate of the testatrix, and after the payment of her debts, to divide the residue among the legatees.

The Court overruled this plea, and directed the cause to proceed; which decision was manifestly erroneous. This step is indispensably necessary. This being personal property, no other person but the legal representative of Mrs. Horne is authorized to recover it from the possession of the defendant; and none having been appointed, the legacies could not vest, so as to enable the complainants to maintain their suit, until this is done.

The judgment must be reversed, with instructions to the Court below to dismiss the bill.