| 69 | 599 |
| 112 | 535 |
| 69 | 599 |
| 116 | 373 |
| 69 | 599 |
| 120 | 765 |
| 69 | 599 |
| 129 | 704 |

## MORGAN, guardian, *vs.* WOODS *et al.*

1. A bill cannot be maintained at the instance of one of the distributees of an estate to recover personal property thereof, except through the legal representative of such estate. To allow creditors or heirs to sue third persons otherwise than through the representative of the estate, there must be collusion, insolvency, unwillingness to collect the assets, or some other like special circumstance.

(*a*.) In this case no reason is alleged or shown why the heir should be allowed to proceed directly.

2. After a ward has become of age, the relation of guardian and ward ceases, except for the purpose of a settlement. and if, before it has been made, the ward dies, his personal estate passes to his legal representative, and the statute will run against him if he fails to proceed against the former guardian.

(*a*.) Five years are allowed before the statute of limitations begins to run against an unrepresented estate; after that time the statute runs against it as in ordinary cases.

3. The act of 1858 vested the administration of the estates of wards in their guardians, where the former died pending the relationship of guardian and ward, and not after it had terminated by the ward's becoming af age.

4. Where a minor claims through an estate, the bar of the statute of limitations will apply to him when the estate or its legal representative is barred.

October 10, 1882.

Statute of Limitations. Guardian and Ward. Administrators and Executors. Minors. Before Judge CRISP. Sumter Superior Court. April Term, 1882.

Reported in the decision.

J. A. ANSLEY; HINTON & MATHEWS; W. A. HAWKINS, for plaintiff in error.

GUERRY & SON, for defendants.

SPEER, Justice.

The controlling question in this case, and the ruling of which adversely to the complainant below will make it

unnecessary to decide the various other questions that this record presents, is, whether, under the law and facts as they appear in the record, complainant was entitled to recover.

The record shows that Abraham Youngblood, the grandfather of complainant, died in 1847, intestate, leaving as one of his heirs his son, Abraham Youngblood, the father of complainant; that Dykes administered on the estate of Abraham Youngblood, Sr., in the same year, and in 1848, became the guardian of the son, Abraham, Jr; that Abraham, Jr., married and died in 1862, leaving as his heirs a widow and complainant, John Youngblood; that he was, at the time of his death, of full age, though he had had no settlement with Dykes, his guardian, before his death; that there never had been any administration upon his estate. This bill John Youngblood, by his guardian (being yet a minor), files against the representatives of Dykes, his father's former guardian, to recover one-half of the estate of his deceased father, which he alleged never had been accounted for by Dykes, as guardian, in his lifetime.

The bill and answer having been referred to an auditor, and he having made a report thereon, the respondents, by way of plea, averred that, on the facts as found by the auditor, and which were unexcepted to, complainant could not recover, since he could not, as heir at. law, under the facts charged in his bill, recover of defendants; and, second, that his cause of action has been long since barred by the statute of limitations. Upon these pleas and on the facts reported, the court entered a decree for the respondents, and complainant excepted.

As early in the decisions of this court as the case of *Murphy vs. Pounds and wife*, 12 *Ga.*, 278, it was held, that "a bill cannot be maintained directly at the instance of legatees or distributees to recover personal property, except through the legal representative of the estate of the deceased."

Under our law, as in England, the title of the personal estate of an intestate passes to his administrator for the

purpose of paying his debts ; the title of the heir is subordinate to that of the administrator for this purpose, and in the absence of all proof and charges, the law presumes there are debts to be paid.    The law lays hold of this legal estate as to the personalty, and deposits it in the hands of its own appointed agent for the very purpose of protecting it against the title of the heirs, in order that the debts of the ancestor may be paid.   1 Kelly, 541 ; 21 *Ga.*, 433 ; 25 *Ib.*, 252 ; 29 *Ga.*, 385.   As a general rule, creditors and heirs can only sue third persons through the representative of the estate.    The exception is, where there is collusion, insolvency, unwillingness to collect the assets when called on, or some other like special circumstance. 8 *Ga.*, 236.    But in this case the bill of complainant alleges no reason or excuse why he should be privileged to maintain his bill as an exception to the general rule heretofore cited.    His father was twenty-two years of age at the time of his death ; he could have called his guardian to an account and settlement, and on his death his right to this personal estate passed to his legal representative.    The statute gives an estate unrepresented the term of five years before it begins to run against it ; and if in this time no representation is had, then such estate falls under the general rule of limitation, and must suffer the consequences of that laches and want of deligence that pertains to other persons.    Concluding, then, as we are constrained to do, that this complainant in his bill has neither made such averments and charges, nor introduced such testimony in support thereof, as would allow him to recover directly as heir at law against the guardian of his father, we see no error in the judgment as pronounced.

But it is insisted by counsel for plaintiff in error, when Abraham Youngblood, Jr., died in 1862, he was, though twenty-two years of age, still the ward of Dykes, his guardian, and under the act approved 11th December, 1858, the guardian "was vested with all the powers of administrators on estates, and shall

be controlled by the laws in force in this state in relation to administrators." See acts 1858, page 7. That this was the law at the death of his ward and prescribed his duty. That this act, when codified, was amended by prescribing that the guardian shall so act as administrator for his ward if the latter dies "pending his minority." While it is true these words do not appear in the original act, such, we have no doubt, is the proper legal construction thereof. The act of 1858 prescribes "that whenever any ward or wards shall depart this life, leaving assets of any kind, the guardian or guardians of said ward are hereby vested," etc.

We think it clearly was the intention of the legislature to provide for this administration by guardians when the ward died pending the relationship of guardian and ward, and not after. This relation ceases by operation of law, whenever the ward attains his majority; he is then *sui juris*, and authorized to call his guardian to account. This ward having attained his majority before his death, he was no longer the ward, or Dykes his guardian, only for the purpose of account and settlement, and under the act the duty was not devolved upon Dykes to administer. On the other hand, his relation changed, and he held such assets subject to account to the proper legal representative of the estate of one who formerly was his ward. And this being the construction of the act of 1858, which is made more explicit as codified in the 1851st section of the Code, we do not see any escape from the bar of the statute of limitations as against this estate of Abraham Youngblood, Jr., and as this complainant claims through said estate it applies equally to him, though a minor. 51 *Ga.*, 139.

Judgment affirmed.