## JUHAN *v.* JUHAN *et al.*

Where an affidavit of illegality was filed to the levy of a fi. fa. which had issued in favor of a surviving member of a partnership, and where it appeared upon the call of the case for trial that such surviving partner was dead at the time of the levy, it was error in the court, upon motion of counsel for the deceased plaintiff in fi. fa., to make the heirs of each member parties plaintiff in the illegality proceeding; especially when it did not appear that all of such heirs were sui juris, and that there were no debts against the firm or against either member thereof, or that its assets had been divided in kind under the provisions of section 2647 of the Civil Code.

Submitted February 24, — Decided April 13, 1898.

Affidavit of illegality. Before Judge Hart. Jones superior court. April term, 1897.

An execution in favor of W. A. Juhan, surviving partner, against S. D. Juhan, was levied on land, and defendant filed an affidavit of illegality, because, "Wm. A. Juhan, surviving partner of Juhan & Clower, and in whose name as such survivor said fi. fa. is proceeding, is dead, and that said estate of said Juhan deceased is without representation, and there is no legal representative as administrator, executor or otherwise of the said Wm. A. Juhan as such survivor or of the estate of P. L. Clower deceased, and consequently no one to whom this deponent could make payment, and that there is no responsible party to settle with, or with whom a settlement of said fi.

fa. that would protect this defendant against said fi. fa. or its payment if hereafter demanded by a duly qualified administrator of said deceased, and no person authorized to enforce the collection of said fi. fa." On the call of the case for trial, counsel for plaintiff in fi. fa. asked that the levy proceed in the name of the heirs at law of the plaintiffs in fi. fa., representing that said plaintiffs, before the date of the levy, had died; and the court granted the application, allowing the heirs at law to be made parties plaintiff, and directing that the fi. fa. and levy proceed in the name of the heirs, naming them. Error is assigned on the ground that the right to control, enforce, and collect a fi. fa. is by law cast upon and invested in the legal representative of the plaintiff, and not upon the heirs at law.

*Hardeman & Moore*, for plaintiff in error.

LEWIS, J. Upon the death of the owner of realty the title vests immediately in the heirs, but the title to all other property of the estate vests in the administrator for the purpose of distribution among the heirs and creditors. Civil Code, § 3353. It follows from this, that before heirs of an intestate can ordinarily acquire title to any personalty of the estate, they must obtain such title through the medium of the legal representative of the estate. The right, therefore, to collect a chose in action belonging to the estate is vested by law in the administrator. Where such chose in action has not been duly set apart to an heir, he has no title to the same, and therefore no right to enforce its payment by a suit in court. Under section 3427 of the Civil Code it is provided that if the administrator for any cause declines to place any claim in suit, he may nevertheless assign the same to a distributee or creditor, and thus confer upon such assignee the right to prosecute a suit in his own name. But it is further provided in the same section, that when the proceeds of such claim are recovered, after paying the expenses, the administrator is entitled to the possession thereof for the purpose of distribution. The case of *Murphey* v. *Pound*, 12 *Ga.* 278, was a bill filed by certain legatees to recover a legacy bequeathed to them under a will. It was held that the bill could not be maintained; that, the property sued

for being personalty, no other person but the legal representative of the deceased was authorized to recover it from the possession of the defendant.  We do not mean to say, however, that where there are no debts against the estate nor against the copartnership, and all of the heirs are sui juris and no necessity appears for any administration, they can not by agreement among themselves take charge of the estate and collect and distribute among themselves its assets.  But in the present case it does not appear that all of the heirs were made parties and were of age, nor does it appear that the two estates which were interested in the execution sought to be enforced were not burdened with any debts, nor does it appear that the partnership assets had been divided in kind, under the provisions of section 2647 of the Civil Code.  Even if such facts were made clearly to appear, it would be decidedly the proper practice and the safe course to have an administrator appointed on the estate of the plaintiff in fi. fa., who was the surviving partner of the copartnership, and as such reduced the claim to judgment.  His administrator would be entitled under the law to collect the assets of the firm and to make distribution thereof among the creditors of the firm and the heirs and creditors of the two estates.  The defendant in fi. fa., before being required to pay this judgment, should be fully protected against any future liability that might arise thereon.  If payment should be made to the heirs under the proceeding that was had in the court below, it would not bind creditors who were no parties to it, and upon the appointment of an administrator we do not see that such creditors, through him, would not have a right to enforce the execution against the defendant in fi. fa.  We therefore think the court erred in allowing the amendment making the heirs parties plaintiff in the case and directing the fi. fa. to proceed in their name.

*Judgment reversed.  All concurring, except Cobb, J., absent.*