SMITH *v.* TURNER, guardian.

Neither an heir at law of a person deceased nor his guardian can maintain an action for the recovery of personalty which had belonged to the decedent and which during his life was wrongfully converted by another to his own use.

Submitted December 10, — Decided December 21, 1900.

Trover. Before Judge Williams. City court of Waycross. August 15, 1900.

*Leon A. Wilson,* for plaintiff in error.
*John T. Myers* and *J. Walter Bennett,* contra.

LEWIS, J. John Turner, by his guardian, S. T. Turner, brought an action of trover, in the city court of Waycross, against James Smith, to recover 23 head of cattle. It appears from the petition that the plaintiff, John Turner, was the only child and heir at law of one Lucinda Turner, who died in 1879 at the age of 21 years, never having had a guardian appointed to look after her property. Lucinda Turner was one of the heirs of the Henry Turner estate, and Henry Turner died in the year 1862, leaving as part of his estate a lot of cattle which was divided out in kind among his heirs. Lucinda Turner being at the time one of the heirs, there were allotted to her eight head of these cattle in the year 1864. She was then a minor. Joel Smith, after the death of Henry Turner, mar-

ried his widow Ellen, who was the mother of Lucinda Turner, and lived with her on her place, Lucinda being then a minor living with her mother on the same place. Joel Smith, in 1868, took charge of these cattle, mixed and mingled the same with his own, and used them as his own. The petition further alleged that John Turner,. at the death of his mother, was a minor of tender age, and never had a guardian appointed to take charge of his property until 1898. It alleged that Joel Smith never paid Lucinda Turner nor John Turner for the cattle, and that he now refuses to pay for the same, or to deliver same to John Turner, or his guardian; that said cattle, with their increase, would be more than 80 head, worth $5 a head. The petition further alleges that, out of said cattle and increase, Joel Smith, about the year 1893, voluntarily gave to his son, James Smith, 23 head, which are in his possession, with the increase thereof, the petition giving the descriptive marks of said cattle. He therefore brings the suit against James Smith, and prays for a recovery of the property in his possession. This petition was amended by alleging that Lucinda Turner, when she died, owed no debts of any kind, and that, John Turner being the only heir of Lucinda Turner,. there was no necessity for any administration on her estate. To this petition the defendant filed a demurrer, both on general and special grounds, claiming, among other things, that no right is disclosed in the alleged guardian, or his ward, to assert the supposed or alleged cause of action against this defendant; that the declaration shows on its face that if the plaintiff, or the person under whom he claims title to the property mentioned therein, ever had any right of action touching the same, it accrued more than four years before the commencement of this suit, and, therefore, the alleged right of action is barred by the statute of limitations. The court overruled this demurrer, and upon that judgment the defendant assigns error in his bill of exceptions.

We think the court erred in his ruling. Under the Civil Code, § 3353, it is provided: " Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law. The title to all other property owned by him vests in the administrator of his estate for the benefit of the heirs and creditors." It has accordingly been held by this court, from its earliest decisions, that title to personal property belonging to the estate of a decedent passes at his death, not to his heirs, but to

his administrator. *Liptrot* v. *Holmes*, 1 *Ga.* 381; also *Murphy* v. *Pound*, 12 *Ga.* 278, where it was held, "A bill can not be maintained directly, at the instance of legatees or distributees, to recover personal property, except through the legal representative of the estate of the deceased." This question was thoroughly discussed in *Morgan* v. *Woods*, 69 *Ga.* 599, where it was held: "A bill can not be maintained at the instance of one of the distributees of an estate to recover personal property thereof, except through the legal representative of such estate. To allow creditors or heirs to sue third persons otherwise than through the representative of the estate, there must be collusion, insolvency, unwillingness to collect the assets, or some other like special circumstance." Speer, Justice, on p. 601, says: "The statute gives an estate unrepresented the term of five years before it begins to run against it; and if in this time no representation is had, then such estate falls under the general rule of limitation, and must suffer the consequences of that laches and want of diligence that pertains to other persons." In the latter part of that opinion the doctrine is laid down that there is no escape from the bar of the statute of limitations as against the estate involved in that case, and as the complainant claims through that estate it applies equally to him, though a minor. See also *Mason* v. *Fire Co.*, 70 *Ga.* 604; *Juhan* v. *Juhan*, 104 *Ga.* 253.

The conversion in this case, according to the allegations of the petition, occurred over thirty years before the filing of this suit. It is true that the petition alleged that the party under whom the plaintiff claimed had not more than reached her majority when she died, and that petitioner was still a minor, and never had a guardian appointed until the year 1898, a year before bringing this suit. It is contended that this minority of the plaintiff, and the party under whom he claims, prevents the operation of the statute of limitations. It is true under the Civil Code, § 3779, it is declared, in effect, that infants and some others, naming them, who are such when the cause of action accrues, shall be entitled to the same time, after the disability is removed, to bring an action, as is prescribed in the code for other persons. The minority in this case, then, would be a good plea against the statute of limitations, provided petitioner had a legal right to institute this action of trover for personalty; but he did not have such a right. The statute itself places the title in the representative of the estate; and if per-

sonal property is held adversely against the estate, the only legal way in which to recover it for the benefit of those interested in the estate is to have an administrator duly appointed on the estate, and let the suit be brought in his name. The Civil Code, § 3781, declares: "The time between the death of a person and representation taken upon his estate, or between the termination of one administration and the commencement of another, shall not be counted against his estate, provided such time does not exceed five years; but at the expiration of that time the limitation shall commence, though the cause of action accrued after his death." Section 3782 declares: "The time between the death of a person and representation taken upon his estate, or between the termination of one administration and the commencement of another, shall not be counted against creditors of his estate, provided such time does not exceed five years; at the expiration of that time the limitation shall commence." This limitation may affect the interest of minors who are heirs of the deceased, notwithstanding the provisions of section 3779 of the Civil Code. As we understand those statutes, the limitation either in behalf of or against an estate is suspended for a want of administration only for a space of five years, and at the expiration of that time the statute begins to run, regardless of whether any administration is had on the estate or not. For instance, in this case, Lucinda Turner died in 1879. That suspended the statute of limitations against her estate up to 1884, but after that the statute began to run; and as a period of four years will ordinarily operate as a bar to an action of trover (or, which is practically the same thing, adverse possession of personal property for four years gives title by prescription), her estate became barred from an action against Joel Smith, who converted this property in 1888. Now the fact that no administration has been had in this period, and that her sole heir was a minor, does not affect the law of the case. There is no statute that makes these circumstances put the title in him and gives him a right to sue. Suppose, for instance, his guardian, instead of having been appointed guardian of his property, had been appointed administrator of his mother's estate, and as such administrator had brought this action of trover, we think, under the sections of the code cited, he would have been clearly barred by the statute of limitations, and a statute which bars a representative of an estate will necessarily include the heirs, even if they are

minors. We do not reverse the judgment below on the ground of limitations, but upon the ground that the right of action does not lie in the heir at law or his guardian to maintain an action for the recovery of personalty which had belonged to the decedent, and which during her life was wrongfully converted by another to his own use. *Judgment reversed. All the Justices concurring.*