## CARR *v.* BERRY, sheriff.

1. A sheriff is not subject to rule by a party alleging that he is the son and sole heir at law of a defendant in fi. fa., upon the theory that the sheriff has in his hands a surplus arising from the sale of the decedent's property under a judgment subjecting the property because of a security deed given by the testator in his lifetime, and that there are no debts due by his estate.

2. Under the allegations of the petition, read in connection with the will, a copy of which is attached to the petition, the title to this surplus, if any, was in the trustee under the will, and would be controlled by its terms.

Argued October 6, — Decided October 29, 1902.

Rule to distribute money. Before Judge Holden. Hancock superior court. February 13, 1902.

*W. H. Burwell* and *R. H. Lewis*, for plaintiff.

ADAMS, J. Carr brought a petition for a rule against the sheriff of Hancock county, setting up the will of his father, Josiah Carr, which he alleged had been duly probated, but was no longer represented, because the executor named therein had renounced his right to qualify, and the administrator with the will annexed had been removed; that there were no debts against the estate of his father,

except a small execution; that petitioner was his sole heir at law; that certain real estate conveyed by his father during his lifetime and after making the will, to secure an indebtedness, had been sold at the instance of the creditors, after appropriate proceedings, and there would be a surplus in the hands of the sheriff, which he, as the sole heir at law, claimed, and to recover which he sought a rule against the sheriff. The copy of the will attached showed that the testator had devised all of his real estate to a named trustee, in trust for the petitioner during his life, but with provision for a wife or children in the event the petitioner should marry and leave any surviving him. There was no provision in the will affecting personal property; and the theory of the petitioner seems to have been that the legacy to him was adeemed by the conveyance of the property for the purpose of security, and that the balance of the money in the hands of the sheriff was personal property, and therefore not affected by the will.

1. Even if it were true that there was a balance in the hands of the sheriff, and this balance was not operated upon in any way by the will of the testator, the judgment of the court below dismissing the petition would be sound. The Civil Code, § 3353, provides that "Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law. The title to all other property owned by him vests in the administrator of his estate, for the benefit of the heirs and creditors." The next two sections provide for the right of the wife and husband respectively to take possession of property, under the conditions named, without administration. Section 3357 provides that "Upon the appointment of an administrator, the right to the possession of the whole estate is in him, and so long as such administrator continues, the right to recover possession of the estate from third persons is solely in him. If there be no administration, or if the administrator appointed consents thereto, the heirs at law may take possession *of the lands*, or may sue therefor in their own right." These sections codify familiar general principles of the law. It is well settled that the law lays hold of personalty and deposits it in the hands of its own appointed agencies for the purpose of protecting it against the title of the heirs, in order that the debts of the ancestor may be paid. This is the general rule, and the exceptions to it are carefully guarded. See *Worthy* v. *Johnson*, 8 *Ga.* 239; *Morgan* v. *Woods*,

69 · *Ga.* 601; *Mason* v. *Atlanta Fire Co.*, 70 *Ga.* 607. If the estate be now unrepresented, no reason appears why there should not be an administrator with the will annexed appointed. If the proposition noticed be true as to an ordinary suit, it is particularly true that this petitioner can not recover this money by the summary remedy of a rule, which could not in any event be used for a purpose of this kind.

2. The ademption in this case was not complete, but only partial. The party who gives a security deed has still a large equitable interest in the property. He remains in its possession, and in a very important sense is its owner. The provisions of this will would be operative upon the balance of the money in the hands of the sheriff arising from the sale of the property specifically devised by the will.

It may also be noticed, in conclusion, that according to the sheriff's answer there were quite a number of executions and claims against the estate, in addition to the small judgment mentioned by the petitioner.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*