### 536. HILL *v.* MAFFETT *et al.*

Upon the death of a person intestate, choses in action in his favor pass to his administrator; and his heirs at law can take no more than an equitable interest therein, except through the intermediation of the administrator. The heirs, although all of them are sui juris and of full age, can not maintain an action at law upon a chose in action in favor of the intestate, notwithstanding there is no administrator and all debts due by the intestate have been paid.

Appeal, from Macon superior court—Judge Littlejohn. May 13, 1907.

Submitted October 23,—Decided November 25, 1907.

*James M. duPree,* for plaintiff in error.

*Greer & Felton,* contra.

POWELL, J.     J. F. Norris died intestate, leaving as his sole heirs at law the defendants in error, all of full age and sui juris. His estate owed no debts, and there was no administrator. Hill owed the intestate a sum of money upon a rent note. The heirs at law joined in suing out a distress warrant for this rent. To a judgment in their favor Hill brings error.

The sole question in this case is whether the heirs at law of an intestate who died free from debt, leaving no minors or other persons

not sui juris interested in his estate, may, in their own names and without the intervention of an administrator, maintain a distress warrant against one who is indebted to the estate upon a rent note made to the intestate in his lifetime. Expediency, in such cases, loudly argues for an affirmative answer, but the law says no. The dictates of the law are superior to the dictates of expediency. The title to personal property, including choses in action, belonging to the estate of a decedent passes at his death, not to his heirs, but to his administrator; the heirs have merely an equitable interest in such assets; and they can sue for the recovery of such property or the collection of such debts only when, on the part of the administrator, there is collusion, insolvency, unwillingness to collect the assets when called on, or some other like special circumstance. *Worthy* v. *Johnson,* 8 *Ga.* 236; *Morgan* v. *Woods,* 69 *Ga.* 599; *Smith* v. *Turner,* 112 *Ga.* 533 (37 S. E. 705). Many more citations to the same effect could be given, if necessary. As against themselves and strangers, the heirs at law may divide the property or otherwise dispose of it without legal objection. *Amis* v. *Cameron,* 55 *Ga.* 449; *Alderman* v. *Chester,* 34 *Ga.* 152. A large number of cases could be cited in support of this proposition. In *Juhan* v. *Juhan,* 104 *Ga.* 253, 255 (30 S. E. 779), the Supreme Court, through Mr. Justice Lewis, after asserting the general rule as stated above, makes the following remark in passing: "We do not mean to say, however, that where there are no debts against the estate nor against the copartnership, and all of the heirs are sui juris and no necessity appears for any administration, they can not by agreement among themselves take charge of the estate and collect and distribute among themselves its assets." However, further in the opinion, the learned Justice suggests good reasons why this should not be the true rule. This same Justice again spoke for the court in the case of *Smith* v. *Turner,* 112 *Ga.* 533 (37 S. E. 705); and, the point being there squarely before the court, it was held that such a suit could not be maintained except through an administrator. In that case the petition alleged, that the intestate died owing no debts, and that, petitioner being the sole heir, there was no necessity for administration. While another point was made in the case, the court, at the conclusion of the opinion, expressly states that the judgment of the court is based solely on the ground that the right of action does not lie.

in the heir at law. See also, in this connection, *Gouldsmith v. Coleman*, 57 *Ga.* 425. Absence of debts and of minor heirs does not preclude the possibility of administration. A recovery by the heirs at law would not be a bar to a suit by a subsequently appointed administrator. Thus the debtor might be subjected to the liability of two suits.

The rigidity of the rule forbidding suits by the heirs for the recovery of personalty is not so closely observed in courts of equity as in courts of law. Upon the death of the intestate the heirs at law are invested with the equitable title to the personalty. Therefore, in equitable actions, the courts may allow direct and immediate suits by the heirs when there is no administrator and no creditor. Numerous decisions in this State recognize this principle. The apparently general statement found in 14 Cyc. 109, that "According to the weight of authority, however, where there are no debts and no letters of administration have been granted, the heirs or distributees may take or divide and enforce choses in action of the intestate, or receive payment of and discharge the same," is supported almost entirely by a citation of decisions rendered in actions purely equitable; and, in most of the cases cited, the distinction between the right of the heirs when suing in equity and when suing at law is mentioned. Some States have by statute provided that, in cases such as this, actions may be maintained by the heirs at law. When properly guarded by provisions protecting the defendant in such actions against a suit by a subsequently appointed administrator, such statutes are very expedient. In the absence of such legislative expression in this State, it is necessary that the judgment be                                    *Reversed.*