## BROWN v. MUTUAL LIFE INSURANCE COMPANY.

Where a wife dies intestate, leaving no surviving child or descendant of child, the husband can not maintain suit to recover on debts due the estate of the wife, although her estate owes no debt and there is no administration.

NOVEMBER 16, 1916.

Action upon life-insurance policy. Before Judge George. Irwin superior court. October 25, 1915.

*McDonald & Bennett,* for plaintiff.

*J. H. Gilbert* and *H. J. Quincey,* for defendant.

BECK, J. W. J. C. Brown brought suit against the Mutual Life Insurance Company of New York, upon a policy of insurance issued by that company upon the life of Lillie Brown, the wife of the plaintiff. The policy was payable to the "executors, administrators, or assigns" of the insured. Lillie Brown died intestate, without leaving any children, her husband surviving her and being the sole heir. The insured owed no debts at the time of her death. A copy of the material portions of the policy was attached to the petition as an exhibit. Other essential facts, such as furnishing proof of loss, refusal to pay, etc., are therein set forth. The court

sustained a general demurrer upon the ground that the husband could not maintain the action on the policy, the suit being brought in his name as an individual and not as an assignee of the policy.

We are of the opinion that the court properly sustained the demurrer. This ruling requires no elaboration. Questions substantially the same as that presented here have been discussed and adjudicated in other cases decided by this court and by the Court of Appeals of this State. In the case of *Hill* v. *Maffett, 3 Ga. App.* 89 (59 S. E. 325), it was said: "The sole question in this case is whether the heirs at law of an intestate who died free from debt, leaving no minors or other persons not sui juris interested in his estate, may, in their own names and without the intervention of an administrator, maintain a distress warrant against one who is indebted to the estate upon a rent note made to the intestate in his lifetime. Expediency, in such cases, loudly argues for an affirmative answer, but the law says no. The dictates of the law are superior to the dictates of expediency. The title to personal property, including choses in action, belonging to the estate of a decedent passes at his death, not to his heirs, but to his administrator; the heirs have merely an equitable interest in such assets; and they can sue for the recovery of such property or the collection of such debts only when, on the part of the administrator, there is collusion, insolvency, unwillingness to collect the assets when called upon, or some other like special circumstance. *Worthy* v. *Johnson,* 8 *Ga.* 236; *Morgan* v. *Woods,* 69 *Ga.* 599; *Smith* v. *Turner,* 112 *Ga.* 533 (37 S. E. 705). Many more citations to the same effect could be given, if necessary." In the case last cited it was said: "Neither an heir at law of a person deceased nor his guardian can maintain an action for the recovery of personalty which had belonged to the decedent and which during his life was wrongfully converted by another to his own use." And in the case of *Moughon* v. *Masterson,* 140 *Ga.* 699 (5), 704 (79 S. E. 561), it was said: "In this State it has been held, that, although there may be no debts and no administration, an heir at law of an intestate can not maintain an action for the recovery of personalty which belonged to the decedent and which during his lifetime was wrongfully converted by another to his own use. *Smith* v. *Turner,* 112 *Ga.* 533 (37 S. E. 705). In *Juhan* v. *Juhan,* 104 *Ga.* 253 (30 S. E. 799), there was an intimation that

perhaps, if there were no debts against an estate and no necessity appeared for an administration, and all the heirs were. sui juris, they could, by agreement among themselves, take charge of the estate and collect and distribute among themselves its assets. But the same Justice who made that intimation wrote the opinion in *Smith* v. *Turner,* supra. See also *Worthy* v. *Johnson,* 8 *Ga.* 236 (52 Am. D. 399); *Murphy* v. *Pound,* 12 *Ga.* 278; *Morgan* v. *Woods,* 69 *Ga.* 599; *Carr* v. *Berry,* 116 *Ga.* 372 (42 S. E. 726); *Allen* v. *Hurst,* 120 *Ga.* 763, 765 (48 S. E. 341); *Hill* v. *Maffett,* 3 *Ga. App.* 89 (59 S. E. 325). An examination of those decisions will show that they are not unsupported by reason. If the heirs of a decedent should bring suit against one who was his debtor, alleging that there were no debts of the estate and no need for administration, the defendant would frequently have no means of knowing whether there were such debts or not, or of combatting such allegations. If the heirs should recover against him, and subsequently it should appear that there were in fact creditors, and an administrator should be appointed and bring suit against the same defendant, the former judgment would be no protection to him, so far as the rights of creditors were concerned, while a judgment for or against him in a suit by the legal representative of the estate would be conclusive upon heirs and creditors." While under section 3930 of the Code of 1910, which provides that upon the death of the wife intestate, leaving no child or descendant of child, the husband is her sole heir, the husband, under the facts alleged in the petition, would have the right to take possession of the wife's estate without administration, yet he can not sue upon debts due the estate. The taking possession of the estate under the provisions of the section just referred to is, by virtue of his heirship, created by law; but under the reasoning in the cases from which we have taken the excerpts quoted, being the sole heir, even where there are no debts and no will, would not authorize him to bring suit to recover on debts owing the estate of the decedent.      *Judgment affirmed.   All the Justices concur.*