### 17848. SAVANNAH LUMBER COMPANY *v.* BURCH.

In this case, in which an injured employee's widow sought to recover from the employer a balance of compensation due on an award against the employer and the insurance carrier under the workman's compensation law, and in which the petition alleged that payment of a check of the insurance carrier, covering certain weekly payments on the award, was

Workmen's Compensation Acts, C. J. p. 130, n. 46 (New).

refused, and that the check was returned with a notation thereon that "on account of receivership proceedings" the insurance carrier refused "to accept draft," the court did not err in overruling the demurrer to the petition.

DECIDED APRIL 12, 1927.

Complaint; from Chatham superior court — Judge Meldrim. November 19, 1926.

Certiorari was granted by the Supreme Court.

In the brief of counsel for the plaintiff in error it is stated that "the question presented for determination by the general demurrer is whether or not any liability exists against the plaintiff in error as employer in the event of the insolvency of the insurance carrier;" and the following sections of the workmen's compensation act are quoted: "Every employer who accepts the compensation provisions of this act shall insure the payment of compensation to his employees in the manner hereinafter provided, and while such insurance remains in force he or those conducting his business shall only be liable to any employee for personal injury or death by accident to the extent and in the manner herein specified." "No policy or contract of insurance against liability arising under this law shall be issued unless it contains the agreement of the insurer or insurers that it will promptly pay to the person entitled to same all benefits conferred by this act and all installments of the compensation that may be awarded or agreed upon, and that the obligation shall not be affected by any default of the insured after the injury or by any default in giving notice required by such policy, or otherwise. Such agreement shall be construed to be a direct promise by the insurer or insurers to the person entitled to compensation enforceable in his name." Ga. L. 1920, p. 176, sec. 11; p. 206, sec. 71 (Park's Code Supp. 1922, § 3154 (k), § 3154 (sss) ). Cited in the brief: In re Pethick (1915), 1 Ch. (Eng.) 26, (1914) W. N. 403, 84 L. J. Ch. N. S. 285, 112 L. T. N. S. 212, 59 Sol. J. 74, (1915) H. B. R. 59, (1915) W. C. & Ins. Rep. 5, 8 B. W. C. C. 337; Renishaw Iron Co., (1917), 1 Ch. (Eng.) 199, 115 L. T. N. S. 755, 61 Sol. J. 147; Post *v.* Berger, 216 N. Y. Supp. 544.

*Cobb & Bright,* for plaintiff in error. *Robert L. Colding,* contra.

BLOODWORTH, J. The petition is as follows: "1. That on November 13, 1922, A. B. Burch, the husband of your petitioner, was severely injured while in the employment of the Savannah Lumber

Company. 2. That an agreement was entered into by and between the Savannah Lumber Company, employer, and A. B. Burch, employee, for the payment of compensation during disability at the rate of $14.63 per week, and that this compensation was to be paid by the Integrity Mutual Casualty Company, insurance carrier for the Savannah Lumber Company. 3. That on August 14, 1925, an application was made for a hearing, by the employer and the insurance carrier, based on a change in the condition of the employee. This hearing was had in the City of Savannah, Chatham county, Georgia, on August 28, 1925. 4. That evidence was submitted, at the conclusion of which Honorable H. M. Stanley, commissioner presiding, made an award in the case in favor of A. B. Burch for compensation for total permanent disabilities for a period of 350 weeks from November 13, 1922, at the rate of $14.63 per week, this award to be paid by the Savannah Lumber Company, employer, as principal, and the Integrity Mutual Casualty Company, insurance carrier. 5. That this claim came before the full commission on October 30, 1925, on petition for review [of?] said decision so rendered by said Commissioner Stanley on October 15, 1925, at which time the award heretofore made by Commissioner Stanley was confirmed, and a copy of said proceedings was duly forwarded to the Savannah Lumber Company, insurance carrier. 6. That the said A. B. Burch received from said Integrity Mutual Casualty Company 181 payments of $14.63; that on May 22, 1926, he received a check drawn by the said Integrity Mutual Casualty Company on the Harris Trust and Savings Bank of Chicago, Ill., for $29.26 covering the 182d and 183d payments of the specific indemnity of 350 weeks so allowed as aforesaid. 7. That payment of said check was refused, and said check was returned to him with a notation on the same, 'On account of receivership proceedings the Integrity Mutual Casualty Company refuses to accept draft.' 8. Your petitioner shows that said Savannah Lumber Company is still doing business in Chatham county, Georgia, and amply solvent to pay the entire balance due on said award, which they nevertheless fail and refuse to do, although payment thereof has been demanded. 9. Your petitioner shows that said A. B. Burch, husband of your petitioner, died on September 1, 1926, as a result of the injuries he sustained as heretofore set out, and that at the

time of his death she was solely dependent upon him for her support, and that she is entitled to receive the balance due under said award from said Savannah Lumber Company. Wherefore petitioner prays that she have justment [judgment] against said Savannah Lumber Company for the amount so due as aforesaid. Your petitioner shows that she has filed in Chatham superior court a copy of all of the proceedings before said industrial commission in said case, and she now prays that a rule nisi do issue directed to the said Savannah Lumber Company, requiring it to be and appear and show cause, if any it has, why judgment should not be entered up against it in accordance with said award."

The defendant filed a demurrer on the following grounds: "1. That said petition fails to set forth any cause of action or any right to summary or remedial relief against defendant. 2. That said petition fails to show any right upon the part of Alpha B. Burch to bring suit for the homicide of her husband, A. B. Burch. 3. Defendant demurs specially to paragraph 1 of petition, and moves to strike the same, upon the ground that said paragraph is vague, indefinite, and uncertain, in that said paragraph fails to disclose the capacity in which A. B. Burch was employed by Savannah Lumber Company, and fails further to indicate the nature of the injury suffered by the said A. B. Burch. 4. Defendant demurs specially to paragraph 2 of said petition, and moves to strike the same, upon the ground that said paragraph is vague, indefinite, and uncertain, in that said paragraph fails to disclose whether or not the alleged agreement entered into by and between Savannah Lumber Company, employer, and A. B. Burch, employee, was voluntary or was compulsorily fixed by the industrial commission of Georgia, and fails further to disclose the date of such agreement or any other material fact or circumstance connected therewith. 5. Defendant demurs specially to paragraph 4 of petition, and moves to strike same, upon the ground that said paragraph shows on its face that the award of the industrial commission was improper and illegal, in that it provided for compensation in excess of $5,000. 6. Defendant demurs specially to paragraph 8 of the petition, and moves to strike the same, upon the ground that said paragraph fails to show why collection from the Integrity Mutual Casualty Company, insurance carrier, has not been made or further attempted, and fails further to show why

Savannah Lumber Company is liable for default in payment upon the part of said insurance carrier. 7. Defendant demurs specially to paragraph 9 of petition, and moves to strike the same, upon the ground that the allegations concerning the death of A. B. Burch are conclusions of the pleader, and that said paragraph does not show the nature of the last illness of A. B. Burch, or the place, manner, or circumstances of his death. 8. Defendant demurs specially to that paragraph of complainant's petition beginning 'wherefore,' upon the ground that said paragraph is vague, indefinite, and uncertain, and fails to show the amount expected to be recovered." The demurrer was overruled and the defendant excepted.

The court did not err in overruling the demurrer.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*