## 17810.   CARTER v. MARTIN et al.

BELL, J.   Although it is the general rule that heirs at law can not main-
tain a suit upon a chose in action in favor of their intestate, and that
such a suit can be brought only by an administrator (*Brown* v. *Mutual
Life Ins. Co.*, 146 *Ga.* 123, 90 S. E. 856; *Hill* v. *Maffett*, 3 *Ga. App.* 89,
59 S. E. 325; *Wilson* v. *Brice*, 23 *Ga. App.* 734, 99 S. E. 385; *Arm-
strong* v. *Harper*, 25 *Ga. App.* 71, 102 S. E. 463), there may exist special
circumstances authorizing an exception to this rule in some instances.
*Denny* v. *Gardner*, 149 *Ga.* 42 (99 S. E. 27).   Thus, where, as in the
present case, the plaintiff in a judgment died intestate, and an ad-
ministrator who was appointed to administer his estate was subsequently
discharged as having fully administered the estate, and had so ad-
ministered it, except that he had "failed to collect anything on the
judgment aforesaid," and where, prior to his discharge, the administrator
had "turned over" to the heirs at law of such intestate an execution
which had been issued upon such judgment, and where, after the execu-
tion was thus placed in the hands of the heirs at law and after the
administrator had been discharged, the judgment became dormant, and
where there was no other administration "on or for said estate," a suit
to revive the judgment, brought against the defendant therein, by all
the heirs at law of the plaintiff, was not subject to demurrer upon the
ground that it could be maintained only by an administrator or other
legal representative of the plaintiff in the judgment.   Under the special
facts shown, the case appears to be controlled in principle by the
decision of the Supreme Court in *Moughon* v. *Masterson*, 140 *Ga.*
699 (1, 5) (79 S. E. 561).   A second administration was not necessary,
and the suit could proceed in the name of the heirs at law.

   *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

      DECIDED JULY 13, 1927.

Revival of judgment; from Laurens superior court—Judge
Camp.   November 27, 1926.

*E. L. Stephens,* for plaintiff in error.

*G. H. Williams, Little, Powell, Smith & Goldstein, Kendrick
Scott,* contra.

Descent and Distribution, 18 C. J. p. 902, n. 41; p. 903, n. 42, 45.
Executors and Administrators, 24 C. J. p. 795, n. 91.