## 18650.  FORTSON v. DOVE.

STEPHENS, J.  1. Where the heirs at law of an intestate, consisting of the widow and two children, who are of legal age, enter into a contract by which the entire property of the estate, both real and personal, is given to the children with the provision that the widow shall have the right to live upon the land and receive certain rents and profits therefrom during the remainder of her life, and the lands are to be divided between the two children, each child to take a certain portion, and the child receiving the larger portion is to equalize the difference by a payment in money to the other child, and where, by a subsequent contract among the three parties, the former contract is rescinded and it is agreed that the former contract has been fully and competely complied with, and where it is further agreed that the survey of the lands and a division thereof made between the two children be confirmed and that the one of the children who has received as a result of the survey and division the larger portion of the land shall make a promissory note in a designated and agreed amount to the other child, and where it is further agreed that the widow is to live in a house upon the lands of the estate for the remainder of her life, and where this latter contract creates no other duties or obligations upon or against either of the two children of the intestate, parties thereto, neither one of the children has by virtue of this contract any claim against the other for the value of personal property which the latter received from the estate of the intestate.

2. In a suit upon the latter contract by the child party thereto who had received the smaller portion of the land against the other child party thereto, who had obligated himself by the contract to pay to the plaintiff the agreed sum for the excess of the acreage of land received by the defendant, a plea of set-off filed by the defendant, alleging an indebtedness by the plaintiff to the defendant for certain personal property alleged to have been received by the plaintiff from the estate of the intestate, and which failed to allege any contractual duty on the part of the plaintiff to pay the defendant therefor, alleged no right of action in the defendant as against the plaintiff, but, if it alleged a right of action, alleged one which could be enforced only by an administrator of the estate.  *Hill* v. *Maffett*, 3 *Ga. App.* 89 (59 S. E. 325).

3. The court properly struck the defendant's plea of set-off; and since the defendant in his plea and answer otherwise admitted all the essential allegations in the plaintiff's petition, the court properly, on the pleadings, directed a verdict for the plaintiff in the full amount of principal and interest sued for.

*Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 30, 1928.

*C. E. Adams,* for plaintiff in error.  *R. H. Gordon,* contra.