ALSTON *v.* McGONIGAL *et al.*

BELL, J. W. conveyed certain corporate stock to his daughter M. After the death of W., the corporation agreed with M. to purchase and retire this stock at a stated price. Before it settled therefor, A., another daughter of W., notified the corporation that she claimed an interest in the proceeds of this stock, on the grounds (1) that the transfer to M. was invalid because of the mental incapacity of W., the transferor, in consequence of which the title to the stock was in the estate of W., and the proceeds should be divided equally among the heirs at law; and (2) that M. accepted the stock under an oral agreement that she would hold it for the benefit of herself and her two sisters, including A., who were heirs at law of W., and that on a sale of the stock the proceeds would be divided accordingly. A petition by the corporation against the administrator and the heirs at law of W., alleging these facts and praying for an interpleader, was dismissed on a general demurrer filed by M., and to this order her codefendant A. excepted. *Held:*

1. With regard to the first ground of the alleged claim, it appears from the allegations that the proceeds of the stock could not be recovered in the first instance by the heirs at law, but that the right of action therefor, if any, was in the administrator. *Smith* v. *Turner*, 112 *Ga.* 533 (37 S. E. 705); *Brown* v. *Mutual Life Ins. Co.*, 146 *Ga.* 123 (90 S. E. 856).

2. The second ground of the alleged claim is invalid, because it is an attempt to establish an express trust by an oral agreement, whereas such a trust can be declared or created in writing and not otherwise. Civil Code (1910), § 3733.

**618**

3. The petition for interpleader did not disclose any right or cause of action in A., and as to this party it was not error to sustain the general demurrer and dismiss the petition. Whether or not the judgment might have been erroneous as to the corporation or some other party is not decided, A. being the only party who excepted to the judgment.

*Judgment affirmed. All the Justices concur.*

No. 10131. OCTOBER 11, 1934.

*R. Beverly Irwin* and *John I. Kelley,* for plaintiff in error.

*W. A. McClain, Harold Hirsch, Marion Smith,* and *Hamilton Lokey,* contra.