28753. BENNETT *v.* BOTTOMS.

DECIDED MARCH 5, 1941.

*John F. Echols, R. E. Kirby,* for plaintiff in error.

MacIntyre, J. J. C. Pirkle, at the time of his death, was the owner of a mortgage note which was payable to himself "or bearer." and signed by C. H. Bennett, the plaintiff in error. The mortgage given to secure payment of the note was on Bennett's automobile. There was no administration of Pirkle's estate. After his death all of his heirs at law, each being twenty-one years of age, or older, divided the assets of the estate, and Pirkle's daughter. Mable Bottoms, defendant in error, received the mortgage note in question as part of her share of the estate. She foreclosed the mortgage note in a justice's court, and the plaintiff in error filed an affidavit of illegality on the ground that the note would have

to be foreclosed by the legal representative of Pirkle's estate. The petition for certiorari recites that the "defendant had the plaintiff [defendant in error] sworn as a witness, and on cross-examination she [plaintiff] testified in substance, as follows: 'My father, J. C. Pirkle, is dead; he was the owner of the note in question at the time of his death; there has been no administration on his estate.' On direct examination . . she [plaintiff] testified that after her father's death the children divided the assets of the estate, and she received this note as part of her share of the estate; that all of the heirs of J. C. Pirkle were more than twenty-one years of age and laboring under no disability." This was all the evidence as it related to the plaintiff's possession and claim of ownership of the note, and this evidence was undisputed. The justice of the peace found in favor of the plaintiff (defendant in error) and against the illegality. The judge of the superior court overruled a certiorari, on the ground that the note foreclosed was made payable to a named person "or bearer," and was therefore negotiable by delivery.

A suit at law upon a promissory note can be maintained only in the name of the holder of the legal title to the instrument; and this is true even though the plaintiff may have a perfect equitable title thereto. *Bond* v. *Maxwell,* 40 *Ga. App.* 679 (150 S. E. 860). As a general rule, heirs at law can not maintain suit on a chose in action in favor of the intestate, and such suit can be brought only by the administrator, except where special circumstances exist. *Carter* v. *Martin,* 37 *Ga. App.* 73 (138 S. E. 915); *Brown* v. *Mutual Life Insurance Co.,* 146 *Ga.* 123, 124 (90 S. E. 856). "At the death of the owner the title to any personal property vests in the administrator of his estate for the benefit of the heirs and creditors. . . If personal property is held adversely to an estate which has no legal representative, the only legal way to recover it is to have an administrator appointed and have him bring suit in his name as such representative. This is true although all the heirs are sui juris and no debts existed against the estate. The same rule applies to the collection of any indebtedness due the estate. If the heirs were to bring suit against a debtor of the estate, their allegations that the estate owed no debts and that no necessity existed for the administration of the estate would be no protection to such defendant if

debts were later discovered and an administrator appointed. So, for the protection of all parties, if any assets are to be collected for an estate, the collection should be made by a duly-constituted representative." Redfearn on Wills and Administration of Estates, 428, § 247. This court held in *Bond* v. *Maxwell,* supra, (2) : "In a suit at law upon promissory notes, allegations that the plaintiff was the sole heir at law of the deceased payee, and was appointed administrator of his estate, and that, after paying all the debts of such estate, the plaintiff, as administrator, 'turned over to himself as the sole heir at law . . all the assets of the estate, including the . . notes sued on, and was then discharged as such administrator,' were insufficient to show a right of action in the plaintiff. Irrespective of any question as to other defects in the petition, since it does not appear that the notes were indorsed or assigned by the administrator, or that they were ever set apart to the plaintiff by any adjudication of the ordinary, they are to be treated as unadministered assets, with the legal title in the same status as before any administration was had. It follows that the plaintiff failed to show such title to the notes as would authorize him to sue thereon, and the court properly sustained the general demurrer and dismissed the petition." We think, under the rules above stated and the facts in this case, that the representative of the deceased's estate was the proper person to foreclose the mortgage.

Nor does the fact that the note was payable to J. C. Pirkle "or bearer" alter our ruling. An instrument payable to the order of a particular person "or bearer" will be presumed to belong to the one in possession of it (*Cox* v. *Adams, 2 Ga.* 158; 8 C. J. 1005, § 1309; 11 C. J. S. 96, § 660; Code, § 14-509), and a presumption of ownership and title in the holder will arise where the possession of such a note as the one in question is found in the payee's heirs (King *v.* Gottschalk, 21 Iowa, 512; 11 C. J. S. 98, § 660) ; but possession is only presumptive evidence of title, and such presumptive ownership may be overcome by either the plaintiff's or defendant's evidence. 11 C. J. S. 99, § 660; Federal Reserve Bank of Richmond *v.* Whitford, 207 N. C. 267, (176 S. E. 584). In *Marks* v. *Moore, 47 Ga. App.* 790 (171 S. E. 557), this court held that the trial court did not err in awarding a nonsuit in a suit on a note payable to a named person and indorsed in blank by the

payee, where the evidence introduced by the plaintiff failed to show that the title to the note passed to him, or that he had the legal right to sue on the note. In the instant case the presumption of ownership of the note payable to J. C. Pirkle "or bearer," arising from the possession and production of the note, being rebutted by the plaintiff's own undisputed evidence, the fact of the plaintiff's possession, standing alone, was not sufficient to carry the burden, or support a finding in favor of the plaintiff. Thus possession by the plaintiff here was not an irrebuttable proof of title; and her own evidence showing that she did not have the legal title (it being in the deceased's administrator), or the legal right to sue, the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*