29830.   BAILEY *v.* BANKERS HEALTH AND LIFE
INSURANCE COMPANY.

DECIDED MARCH 10, 1943.

**74**

[redacted]

*J. C. Bowden, A. G. Smith,* for plaintiff.

*Hirsch, Smith, Kilpatrick, Clay & Cody, A. G. Cleveland Jr.,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.)

1. The plaintiff, as the son and heir at law of the insured, would not be entitled to recover the weekly benefits which the defendant agreed to pay to the insured in the event of his becoming disabled from sickness and confined to his bed. The same is true as to the plaintiff as beneficiary of the policy. The policy provides that the company agrees "to pay to said insured the amount of the weekly benefit." The insured became disabled from sickness on January 17, 1941, and continued in such condition until his death on December 17, 1941; and it was alleged that the company paid to him two of the weekly benefits but refused to pay the remaining eighteen weekly benefits of $5 each. Any right to recover the weekly benefits was in the insured until his death; and if any right to recover them survived his death, it would be in his administrator if he died intestate. "Upon the death of a person intestate, choses in action in his favor pass to his administrator; and his heirs at law can take no more than an equitable interest therein, except through the intermediation of the administrator. The heirs, although all of them are sui juris and of full age, can not maintain an action at law upon a chose in action in favor of the intestate, notwithstanding there is no administrator and all debts due by the intestate have been paid." *Hill* v. *Maffett,* 3 *Ga. App.* 89 (59 S. E. 325). See *Moore* v. *Cox,* 54 *Ga. App.* 207 (187 S. E. 609); Code, §§ 113-901, 113-907.

In a suit on the policy for the weekly benefits which the defendant had contracted to pay to the insured, the plaintiff would not

be entitled to recover, either as beneficiary or as the son and heir of the insured, because he supported and cared for the insured during the time he was disabled. The policy was a contract between the insured and the defendant, and under it the company agreed to pay the weekly benefits to the insured, and not to the plaintiff either as the beneficiary named in the policy or as the heir of the insured. The court properly sustained the demurrer and struck that portion of the petition which sought to recover the weekly benefits.

2. The court did not err in dismissing the petition in which the plaintiff sought to recover the death benefit provided for in the policy. It affirmatively appeared from the petition as amended that the insured paid no weekly premiums after January 17, 1941, and that his death occurred on December 17, 1941, which was more than four weeks after the payment by the insured of any premium. The policy provided that the payment by the company of the death benefit was predicated on the payment by the insured of a weekly premium on or before each Monday, and that the company agreed to pay such death benefit within twenty-four hours after the acceptance by it of satisfactory proof of the death of the insured "during the continuance" of the policy. The policy also provided that the claim for death benefit must be accompanied by satisfactory proof of the insured's death; also that no claim should be paid that was not presented in accordance with the terms of the policy; also that all premiums must be paid on Monday of each week, and that failure to pay premiums for four Mondays forfeited all premiums paid; and that should the policy not be observed in all respects it would become void. Therefore it affirmatively appears from the plaintiff's allegations that, relatively to payment of the death benefit, the policy had lapsed for non-payment of premiums, and was unenforceable at the time of the death of the insured.

It is claimed by the plaintiff that the company, being due to the insured eighteen weekly benefits of $5 each, could not lapse the policy for non-payment by the insured, during his total disability and confinement to his bed from sickness, of the weekly premium of twenty-five cents, the total amount of such unpaid weekly premiums being far less than the total amount of the weekly benefits due the insured. It is contended that the company should have applied the amount owing the insured to the premiums due, and should

not have lapsed the policy. The plaintiff assumes that the weekly benefits provided for under the policy became payable to the insured upon his disability, whereas under the provisions of the policy "each week's benefit must be separately applied for, and are due after seven days of total disability from date the company received the notice at their office." There is no contention that these provisions of the policy were complied with. Consequently it does not appear that the weekly benefit provisions of the policy became operative so as to warrant the finding that the company had money due to the insured in its possession, to be applied toward the payment of the weekly premiums, and thus prevent the lapsing of the policy for non-payment of premiums before the death of the insured.

It is true that the authorities hold that where an insurer has in its hands a fund absolutely due and payable to the insured before the date on which his premium becomes due, the company should apply such fund if necessary to avoid a forfeiture of the policy for non-payment of premiums. See 32 C. J. 1308. However, an entirely different situation is presented in this case. Here the claim of the insured for weekly benefits for the full twenty weeks, as provided in the policy, was denied by the insurer, and payment thereof was refused; and although the insured did not die until December 17, 1941, after he became disabled on account of sickness and confined to his bed on January 17, 1941, he made no effort during his lifetime to have his right to these weekly benefits determined. In such a case, there being no funds in the hands of the company due from it to the insured when these weekly premiums fell .due, which it should have applied to avoid lapsation of the policy, the contention that the policy had not lapsed for non-payment of weekly premiums at the time of the death of the insured, for the reason that the company should have applied the weekly benefits owing to the insured to the payment of these premiums, can not be sustained. The precise question for determination here was not presented in *Washington National Insurance Co.* v. *Dukes,* 53 *Ga. App.* 293, 298 (185 S. E. 599). That case was an action by the insured to recover the weekly benefits. The court held that the insurer could not lapse the policy, during the continuance of the insured's total disability, for non-payment of premiums, where

it appeared that the amount of premiums claimed and due were less than the amount of disability payments due to the insured.

The appellate division of the court properly affirmed the rulings of the trial court sustaining the demurrers.

*Judgment affirmed.   Sutton and Felton, JJ., concur.*