## FLAHERTY *et al. v.* DILLON.

No. 17807. ARGUED MARCH 10, 1952—DECIDED APRIL 16, 1952.

*Harry P. Anestos*, for plaintiffs.

*Arthur L. Purvis* and *Myrick & Myrick*, for defendant.

WYATT, Justice. We recognize the well-established rule to the effect that, under certain circumstances, the courts of ordinary and equity courts have concurrent jurisdiction over the settlement of accounts of administrators and executors. Code, § 113-2203. It is also true that this court has said generally that, when a

petition for accounting sets out facts indicating that something would be found to be due the petitioners, the petition is good as against a general demurrer. *Southern Feed Stores* v. *Sanders*, 193 *Ga.* 884 (20 S. E. 2d, 413).

The case here presented is not an application of these rules of law, but is whether or not these plaintiffs can maintain this suit in any event. The petition in the instant case shows that the estate of Mary Agnes Flaherty is now unrepresented, no one having qualified as executor or executrix. The petition alleges that mortgages and liens exist as against the property of the deceased, which negatives the idea that no administration of the estate is necessary. The effect of the petition is to seek the recovery of property, largely personal, belonging to the deceased in the hands of a person who is not a legal representative of the estate of the deceased, the petition having been filed by the heirs at law of the deceased. This court has repeatedly held that this can not be done under the circumstances appearing in this petition. *Carr* v. *Berry*, 116 *Ga.* 372 (42 S. E. 726); *Murphy* v. *Pound*, 12 *Ga.* 278; *Smith* v. *Smith*, 141 *Ga.* 629 (81 S. E. 895). It follows, the judgment sustaining the general demurrer and dismissing the petition was not error.

*Judgment affirmed. All the Justices concur.*