40196. BELL et al. v. LIBERTY MUTUAL INSURANCE COMPANY et al.

DECIDED JULY 8, 1963.

*Woodruff, Savell, Lane & Williams, John M. Williams, Ted Spears,* for plaintiffs in error.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux,* contra.

FELTON, Chief Judge. ■ Under the provisions of *Code Ann.* § 114-413, recovery of compensation depends, in a case such as

this, upon proof that "during the period of disability caused by an accident death results proximately therefrom." The finding of the board that the death did not result proximately from the accident was authorized by the testimony and by the depositions of four doctors; therefore, in the absence of fraud, the finding and the award denying compensation under *Code Ann.* § 114-413 are conclusive on this court.

■ The award of the board denying recovery of compensation allegedly owed to the decedent under the original award for the period between the time he quit work, after having worked for several days, and his death, was correct, but for a reason other than that given, i.e., that his total disability ceased upon his return to work. "With reference to an award of compensation or an approved agreement this court has repeatedly held that such award or agreement is res judicata that the amount of the award or agreement is owed the employee until the award or agreement is changed in a manner prescribed by law. *Pacific Employers Ins. Co. v. Shoemake,* 105 Ga. App. 432 (2) (124 SE2d 653) and cases cited; *Sanders v. American Mutual &c. Co.,* 105 Ga. App. 472 (1) (124 SE2d 923) and cases cited. *The rule is the same whether general disability or injury to specific member alone is involved." Gentry v. Georgia Cas. &c. Co.,* 107 Ga. App. 888, 889 (131 SE2d 788). "Although an employee who is receiving compensation payments under an agreement approved by the Board of Workmen's Compensation, or under an award of the board, continues to be entitled to such payments after he returns to work until and unless a change in or discontinuance of payments is authorized by order of the board, or until the statutory amount has been paid in full, or a final settlement receipt has been filed with and approved by the board, when the employee returns to his job or to a different job with his employer the employer is entitled to a credit for wages paid during the period of re-employment." *Complete Auto Transit v. Davis,* 106 Ga. App. 369 (1) (126 SE2d 909). Since none of the three possible conditions under which discontinuance of payment of compensation is authorized is shown to have existed, under the above authorities the defendants in error were liable for payments throughout the period of re-employment and thereafter, with

credit being allowed for payments made during the re-employment period. "Where, as here, the employee receives, during the period of re-employment a wage equal to or in excess of that which he was receiving at the time of his injury, the credit will fully offset any compensation due for that period." *Complete Auto Transit v. Davis*, supra (2). The liability terminated upon the decedent's death. "When an employee is entitled to compensation under this Title for an injury received, and death ensues from any cause not resulting from the injury for which he was entitled the compensation, payments of the unpaid balance for such injury shall cease and all liability therefor shall terminate." *Code Ann.* § 114-413.

Although the facts show liability for the unpaid balance of compensation, they do not give the claimants a right of action thereto. Under *Code Ann.* § 113-901, the title to all property owned by a decedent, other than realty, "shall vest in the administrator of his estate for the benefit of the heirs and creditors." "As a general rule, heirs at law cannot maintain suit on a chose in action in favor of the intestate, and such suit can be brought only by the administrator, except where special circumstances exist. *Carter v. Martin*, 37 Ga. App. 73 (138 SE 915); *Brown v. Mutual Life Insurance Co.*, 146 Ga. 123, 124 (90 SE 856). 'At the death of the owner the title to any personal property vests in the administrator of his estate for the benefit of the heirs and creditors . . . If personal property is held adversely to an estate which has no legal representative, the only legal way to recover it is to have an administrator appointed and have him bring suit in his name as such representative. This is true although all the heirs are sui juris and no debts existed against the estate. The same rule applies to the collection of any indebtedness due the estate. If the heirs were to bring suit against a debtor of the estate, their allegations that the estate owed no debts and that no necessity existed for the administration of the estate would be no protection to such defendant if debts were later discovered and an administrator appointed. So, for the protection of all parties, if any assets are to be collected for an estate, the collection should be made by a duly constituted representative.' Redfearn on Wills and Adminis-

tration of Estates, 428, § 247." *Bennett v. Bottoms*, 64 Ga. App. 456, 457 (13 SE2d 519). See also *Smith v. Turner*, 112 Ga. 533 (37 SE 705); *Moughon v. Masterson*, 140 Ga. 699 (79 SE 561); *Hill v. Maffett*, 3 Ga. App. 89 (59 SE 325). *Code Ann.* § 113-1232 provides a procedure for dispensing with administration under certain circumstances by petition to the ordinary, but such proceeding was not shown to have been followed, and hence cannot be assumed, in this case. There is no provision in our Workmen's Compensation Law for recovery of a decedent's unpaid compensation by his heirs at law. This court held, in *Savannah Lumber Co. v. Burch*, 36 Ga. App. 621 (137 SE 786), that a petition by the widow of an injured employee, to recover from the employer a balance of compensation due on an award where the insurer was insolvent, was good as against a general demurrer, to wit: That said petition "fails to set forth any cause of action or any right to summary or remedial relief against defendant." The Supreme Court, in affirming the case on certiorari, ruled that the demurrer "was properly overruled, because, if for any reason the petitioner is not entitled to the relief she seeks, the demurrer is too general to call attention to the specific point, and a special demurrer was required to point out distinctly and particularly such defect." *Savannah Lumber Co. v. Burch*, 165 Ga. 706, 708 (142 SE 83). By contrast, counsel for defendants in error in the present case raised the point that "any claim in the original case would have to be in the name of his administrator or his executor," stating further that the employee's claim and a claim for his death could not be tried as one case unless by agreement and that he did not so agree.

For the reasons hereinabove stated the court did not err in its judgment affirming the award of the full board denying compensation in any form to the claimants.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*