AWTREY, ordinary, for use, etc. *v.* CAMPBELL.

Even if the instrument sued on can not be construed as a valid statutory administrator's bond, it was good as a voluntary obligation; and treating it as such, the petition set forth a cause of action.

Argued July 7, — Decided August 12, 1903.

Action on bond. Before Judge Reid. City court of Atlanta. January 10, 1903.

*McElreath & McElreath* and *B. T. Frey*, for plaintiff. The undertaking declared on fulfils all the requirements of an administrator's bond: Civil Code, § 3396. The fact that there is no surety

does not affect the administrator's liability: Civil Code, § 3398; Croswell, Exrs. 258. If any breach of the bond is alleged, the declaration is good as against a general demurrer: 3 Yerger, 467. The allegations here were sufficient allegations of a breach: Woerner's Adm. (2d ed.) § 330; Schouler on Ex'rs. (3d ed.) 312, 316, 382–3–4; 11 Am. & Eng. Enc. L. 970; 50 Mo. 179; 5 N. H 492; 18 N. J. Eq. 239; 92 N. Y. 40, 45; 29 N. J. Eq. 239; 2 Ark. 382; 2 How. 808; 6 How. 93. No prior action of any sort against administrator is necessary before suit on bond: Civil Code, § 3502; 96 *Ga.* 262; 113 *Ga.* 1020. The action is not barred by the statute of limitations: 84 *Ga.* 79; 86 *Ga.* 346; 93 *Ga.* 723.

*Spencer R. Atkinson*, for defendant. An action of this character in a court without equitable jurisdiction is not maintainable where it does not appear that an effort was made to bring about an accounting and settlement in the court of ordinary: Civil Code, §§ 3493–4, 3398, 3502, 5852; 16 Wall. 542–3; *Ga. Rep.* 7/31, 35–9, 551; 23/184; 113/1020. If it was not necessary to cite the administrator to account in the court of ordinary before instituting suit on the bond, suit could have been brought and an accounting and settlement prayed for at any time after the expiration of one year from the date of the execution of the bond; and this suit not having been instituted within twenty years from the time the cause of action accrued, it is barred: Civil Code, §3765; 113 *Ga.* 1020 (4).

COBB, J. Awtrey, the ordinary of Cobb county, suing for the use of the heirs at law of Thomas, brought his action against Campbell, alleging that the defendant was appointed administrator of Thomas in 1876, and gave bond to the ordinary in the sum of $4,000. The condition of this bond was that Campbell "make a true and perfect inventory of all and singular the goods, chattels, and credits, of the said deceased, which have or shall come to the hands, possession, or knowledge of the said J. B. Campbell, or in the hands or possession of any other person or persons for him, and the same so made do exhibit in court of ordinary of said county when he shall be thereunto required, and such goods, chattels, and credits well and truly administer according to law, and make a just and true account of his actings and doings therein when required by the superior court or the ordinary for said county, and all the rest of

the goods, chattels, and credits which shall be found remaining upon the account of the said administrator, the same being first allowed by the said court, shall deliver and pay to such persons respectively as are entitled to the same by law." The bond was under seal, but there were no sureties on the same. The defendant caused the estate to be appraised, and the return of the appraisers showed land of the value of $1,000 and personal property of the value of $128. The administrator proceeded to sell the land of the estate, and a claim was interposed. The petition alleges that when the claim case was disposed of in 1884 Campbell gave no further attention to the estate, and allowed the same to go to waste, collected no rents, paid no taxes, allowed two mills, together with all fixtures, to be removed from the land, and all the improvements of the property to be totally destroyed, and in 1900 sold the land at administrator's sale for $183; the low price at which the same was sold being due entirely to the neglect of the administrator during the years following the termination of the claim case. It is alleged that Campbell has either never sold the personal property, or if so, has never accounted for the proceeds either to the ordinary or to the heirs. The land was worth $50 per year for rent, and the two mills were worth $150 per year for rent. The defendant has been called upon from time to time for a settlement of the estate, and has refused and still refuses to settle with the heirs. He has made only one annual return, which was filed on November 7, 1901. By failure to make returns he has forfeited all right to commissions. Plaintiff alleges that he is entitled to recover the sum of $1,128, with interest, less the credit of $160 which the administrator has paid the distributees. On general demurrer the case was dismissed, and the plaintiff excepted.

It is contended that the bond is not a good statutory administrator's bond, in that, while it is payable to the ordinary, it does not state that it is payable for the benefit of all concerned; that it was never approved by the ordinary or his deputy, and its conditions were not in the exact terms of the statute. It might also be contended that it was not a good statutory bond, because there were no sureties. We will not undertake in the present case to determine whether the bond is such a substantial compliance with the provisions of the Civil Code, § 3396, as that it can be treated as a valid statutory bond. It will be conceded, for the purposes

of this case, that such a bond is not a good statutory bond.  Counsel for defendant in error in his brief admits that the bond is "a valid voluntary obligation and as such is enforceable." It is contended that the judgment dismissing the case on demurrer was right, even if the bond be treated as a valid voluntary undertaking. The undertaking of the defendant in this obligation was to do four things:  (1) To make an inventory of the property of the estate and return it to the ordinary.  (2) The goods, chattels, and credits of the estate to well and truly administer according to law.  (3) To make a just and true accounting of his actings and doings as administrator when required by the superior court or the ordinary. (4) To pay to those entitled thereto what might remain in his hands after such accounting.  A failure on his part to perform any one of these four duties which he had thus imposed upon himself would constitute a breach of the obligation and entitle the payee therein to an action, in which he could recover whatever damages resulting from such breach the parties interested in the estate had sustained.  It is argued that under this bond he is under no obligation to pay anything except an amount which would be fixed by an accounting either in the superior court or the court of ordinary. We do not think this a proper construction of the paper.  He obligates himself to administer the property of the estate according to law; and if he fails in this obligation, he is liable to the ordinary, for the benefit of those interested, for whatever damages they may have sustained by his failure to comply with this obligation. The allegations of the petition are certainly sufficient, as against a general demurrer, to show that the defendant has not administered the estate according to law, and that he is liable in some amount on account of his conduct which is set forth in the petition.  The action is not barred.  The instrument sued on is under seal, and the greater part, if not all, of the acts of maladministration which are complained of were subsequent to 1884.  As against the demurrers filed, the petition set forth a cause of action, and the court erred in dismissing the same.

                    *Judgment reversed.  By five Justices.*