Fred E. Daggett,

Appellant from Decree of Judge of Probate

Penobscot.   Opinion Decemer 1, 1915.

*Appeal.*          *Appointment of Administrator.*          *Presumption of Death.*
*Reasons of Appeal.*

It appears that William M. Daggett, having an established residence in Dexter, departed thence on the thirty-first day of August, 1902, when about fifty-two years of age, and, from the fifteenth day of September, 1902, until the day of the hearing in the probate court upon the petition of Appellant, had neither been heard of nor from by his friends or by his heirs-at-law and next of kin, although diligent search and inquiry for him had been made by them; and also that their investigation failed to show the acquirement of another residence by the alleged deceased or the existence of any instrument making testamentary disposition of his property.

*Held:*

1. That upon the facts stated, in the absence of any evidence showing or tending to show that William M. Daggett was alive, the conclusion is warranted that he was dead; and that the prayer of petitioner should have been granted.

2. The statute provides that the appellant in such cases shall serve all the other parties who appeared before the judge of probate in the case with a copy of the reasons of appeal. It is admitted that no service of the reasons of appeal was made or attempted. But as no other parties "appeared before the judge of probate in the case," we are unable to perceive how service could be required or be made.

On appeal from decree of the Judge of probate.   Appeal sustained. Decree of probate court reversed.   The case is remanded to the Supreme Court of Probate for the county of Penobscot for further action in accordance with this opinion.

This is a petition by Fred E. Daggett to be appointed administrator of the estate of William M. Daggett.   The probate Judge for

the county of Penobscot denied the petition, and the said Fred E. Daggett appealed to the Supreme Court of Probate to be held at Bangor, within and for the county of Penobscot. At the conclusion of the hearing, the case was reported to the Law Court, upon so much of the foregoing evidence as is legally admissible, for determination.

The case is stated in the opinion.

*Wheeler & Howe,* for appellant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

BIRD, J. This is an appeal from the decree of the Judge of probate of Penobscot county denying the petition of the appellant for the appointment of himself or some other suitable person, as administrator of the estate of William M. Daggett, late of Dexter, in that county, deceased. It appears that William M. Daggett was one of the heirs at law of one Mary L. Libby and that his share of her estate, more than twenty dollars in value, remaining unclaimed, it was deposited in a savings bank and later assigned by the Judge of probate to the treasurer of the county under the provisions of R. S., c. 67, § 20, as amended. It further appears that William M. Daggett, having an established residence in Dexter, departed thence on the thirty-first day of August, 1902, when about fifty-two years of age, and from the fifteenth day of September, 1902, until the day of the hearing in the probate court upon the petition of appellant, had neither been heard of nor from by his friends or by his heirs-at-law and next of kin, although diligent search and inquiry for him had been made by them; and also that their investigation failed to show the acquirement of another residence by the alleged deceased or the existence of any instrument making testamentary disposition of his property.

The court is of opinion that upon the facts stated, in the absence of any evidence showing or tending to show that William M. Daggett was alive, the conclusion is warranted that he was dead; *Burleigh* v. *Mullen,* 95 Maine, 423, 428; *Chapman* v. *Kimball,* 83 Maine, 389, 395; *Wentworth* v. *Wentworh,* 71 Maine, 72, 74; and that the prayer of petitioner should have been granted.

The statute provides that the appellant shall serve all the other parties who appeared before the Judge of probate in the case with a copy of the reasons of appeal. It is admitted that no service of the reasons of appeal was made or attempted. But as no other parties "appeared before the Judge of probate in the case," we are unable to perceive how service could be required or be made; see *Glover* v. *Jones,* 95 Maine, 303, 306-307.

Commissions were issued by a Justice of the court for the taking of the deposition of two witnesses. No notice of the application for a commission was given any adverse party as required by Rule XXIV. The requirement of notice is predicated upon the existence of an adverse party. When there is no adverse party, the occasion for the requirement as well as the possibility of compliance equally fail. See *Glover* v. *Jones,* ubi supra.

*Appeal sustained.*

*Decree of the Probate Court reversed.*

*The case is remanded to the Supreme Court of Probate for the county of Penobscot for further action in accordance with this opinion.*