### BATTEY *v.* MEYERHARDT.

1. A suit at law cannot be maintained by legatees or distributees, to recover personal property, except through the legal representative of the estate of the deceased.
2. Nor can a suit in equity be maintained at the instance of a distributee of an estate, to recover personal property, except through the legal representative of such estate, unless there be collusion, insolvency, unwillingness to collect the assets, or some other like special circumstances.

No. 3965. MARCH 13, 1924.

Equitable petition. Before Judge Wright. Floyd superior court. June 21, 1923.

*Henry Walker,* for plaintiff. *Denny & Wright,* for defendant.

BECK, P. J. Henry H. Battey, alleging himself to be one of the six heirs at law of Mrs. Martha B. Battey, who died intestate on February 5, 1922, brought suit against Max Meyerhardt, alleging that in 1912 the defendant in some way possessed himself of a large sum of money, "the means and property of the decedent;" that

since August, 1912, "defendant has increased his holdings of funds of said estate by several thousand dollars; . . besides said sum of current funds defendant holds notes against" several parties named, for large amounts; that the estate of the decedent is unrepresented, and has been since February 5, 1922; that "that possession and holding of the means and property of said estate is illegal and adverse to plaintiff's right and his interest therein as an heir at law of his mother, under the statute of distributions; that certain stated large sums had been paid out to heirs of a "favored class;" that petitioner is entitled to one sixth of the sum paid (illegally, it is alleged) to five heirs at law, and in addition thereto to an equal interest in cash in defendant's hands; that the sums claimed amount to $4750, with interest; and that "These sums said defendant fails, neglects, and refuses to deliver to plaintiff, despite the fact his possession, use, and disposition of said moneys is unwarranted and without legal authority. The control and management of the means of said estate, as herein alleged, was wrongful, gratuitous, and intermeddling." The prayer was for judgment against the defendant for the sums shown to be due.

At the hearing of the case the plaintiff offered an amendment, which the court disallowed. The material parts of the amendment are as follows: "In 1906 said decedent delivered to M. L. Troutman her entire property, means and estate, save and except certain realty in said county, for distribution amongst her heirs, share and share alike, and never after repossessed herself or resumed possession of said personalty. Said personalty for said purpose passed to, and was received by, defendant in 1912, and was not after held or controlled by said Troutman. Decedent, being advanced in years and infirm in health, sought to relieve herself of the care, attention, and responsibility incident to her management of said personal estate, and secure through said Troutman an equal division of said personalty amongst her heirs. Since 1906, when she parted with the possession and the ownership of said personal property, said decedent has not held, owned, or claimed any personalty or interest in same, and at the date of her death her entire estate consisted of realty holdings in said county as herein averred. About January 1, 1923, one of said favored class, acting in concert with others and at instance of defendant, possessed herself of about

$3500 in cash, in which plaintiff held an interest, which is withheld from him." There was also a prayer for injunction. Error is assigned upon the refusal to allow the amendment. After the refusal to allow the amendment, the court sustained a general demurrer to the petition and dismissed the case.

The court did not err in sustaining a general demurrer to the petition; and if the amendment had been allowed, it would not have changed the character of the case. In the case of *Smith* v. *Turner,* 112 *Ga.* 533 (37 S. E. 705), it was said: "Neither an heir at law of a person deceased nor his guardian can maintain an action for the recovery of personalty which had belonged to the decedent and which during his life was wrongfully converted by another to his own use." And in the case of *Denny* v. *Gardner,* 149 *Ga.* 42 (99 S. E. 27), it was held: "A suit in equity cannot be maintained at the instance of some of the distributees of an estate, to recover personal property thereof, except through the legal representative of such estate, unless there be collusion, insolvency, unwillingness to collect the assets, or some other like special circumstances." See also *Morgan* v. *Woods,* 69 *Ga.* 599; and *Mason* v. *Atlanta Fire Co.,* 70 *Ga.* 604 (48 Am. R. 585). Other cases might be cited, but we deem it unnecessary. The rulings made in the cases cited are applicable to the facts of this case.

*Judgment affirmed. All the Justices concur.*