# A. D. BORNEMANN v. CHRISTOPHER O. OFSTHUN AND ANOTHER.[1]

November 16, 1928.

No. 26,937.

**Statute cited does not bar administration upon estate of persons absent for seven years without explanation.**

1. L. 1925, c. 262, providing a method for the conservation of the property of persons who abscond or disappear is cumulative and not a bar to administration by the probate court upon the estate of one who has been absent for seven years or more under such circumstances as to raise the presumption of death.

**When presumption of death after absence of seven years will support administration of absentee's estate.**

2. While as against a living owner there can be no valid administration of his estate as that of a person deceased, yet the fact that a person has been absent for seven years or more and not heard from by those likely to have heard from him had he continued alive creates a presumption of death, which in the absence of opposing proof will support the jurisdiction of the probate court to proceed with the administration of his estate.

Executors and Administrators, 23 C. J. § 30 p. 1008 n. 27.

See note in 34 A. L. R. 91; 8 R. C. L. 708; 2 R. C. L. Supp. 643; 4 R. C. L. Supp. 569; 5 R. C. L. Supp. 481; 6 R. C. L. Supp. 523.

Defendant American Surety Company of New York appealed from a judgment of the district court for Kittson county, Grindeland, J. entered against it and defendant Ofsthun and in favor of plaintiff as administrator of the estate of Carl A. T. Loranson. Affirmed.

*Fowler, Carlson, Furber & Johnson,* for appellant.
*A. D. Bornemann,* for respondent.

STONE, J.

Action on a guardian's bond. Defendant Ofsthun was the guardian and defendant American Surety Company his surety. Judgment went against both of them, and the surety alone appeals.

[1] Reported in 221 N. W. 876.

One Loranson was adjudged insane and committed to the hospital for the insane at Fergus Falls some time previous to April, 1913. The defendant guardian was appointed and qualified, and thereafter lost the funds with which he is now charged through the failure of a North Dakota bank in which he had deposited them without authority. Loranson disappeared from the hospital before April 9, 1913, and has not been seen or heard from since by any of his relatives or friends. March 8, 1927, a brother petitioned the probate court of Kittson county for letters of administration of his estate. The petition recited that the petitioner had "an interest in whatever estate the decedent above named may have left at the time of his death;" that the supposed decedent "disappeared" from the state asylum at Fergus Falls in 1912; that he had "not been heard from since by any of his family;" and "that said decedent died as aforesaid without leaving a last will and testament." The sufficiency of the petition is not questioned otherwise than that it is claimed not to have been a sufficient showing of death to give the probate court jurisdiction. The proceeding went to a final decree, which also is not questioned except for its supposed insufficiency as an adjudication of death. On that point it is "that the said decedent died intestate having disappeared in April, 1913, and has not since then been heard from by any of his relatives and friends."

Plaintiff is the administrator who was appointed and qualified as such in that proceeding. On his own petition for the allowance of his final account and for his discharge, the account of defendant Ofsthun as guardian was settled by the probate court of Kittson county as of November 12, 1927. It was thereby adjudged that the guardian was indebted "to the estate of his said ward" in the sum for which he has now been charged by the judgment in this action.

The points made by appellant against the judgment are all based on the record. They challenge the jurisdiction of the probate court to appoint an administrator and the right of plaintiff, the administrator so appointed, to collect from defendants the amount with which the guardian has been charged.

1. L. 1925, p. 299, c. 262, "an act relating to the possession, management and disposition of property within the state of persons who abscond or disappear in certain cases," is no bar to the proceeding for the administration and distribution of the estate of Loranson as a person deceased. That is because of the concluding sentence of the act itself which reads: "The provisions of this act shall not be construed as exclusive, but as providing additional and cumulative remedies." So if the probate court of Kittson county had jurisdiction otherwise to administer the estate, the statute would not prevent its doing so. It is apparent from that law, particularly from § 1, that it was intended to provide not an exclusive but an additional or cumulative remedy to those interested, particularly to "a wife or minor child, dependent to any extent" for support on a person who has disappeared or absconded. Its purpose is to conserve the property for the owner and also to prevent a delay for seven years in procuring the benefit for those dependent thereon of the estate of one who has absconded or disappeared. There is no present occasion for further considering the law, either from the standpoint of construction or validity. However construed, it is no bar to a petition for letters of administration upon the estate of one who has disappeared and been absent from his home or usual place of abode for more than seven years without having been seen or heard from by any members of his family or friends. Such facts raise the presumption of death, which remains to be considered. Generally, as to the power of a state to pass such a law and its validity, see Cunnius v. Reading School Dist. 198 U. S. 458, 25 S. Ct. 721, 49 L. ed. 1125, 3 Ann. Cas. 1121, and Weston v. Jones, 160 Minn. 32, 199 N. W. 431.

2. Death of the owner is a jurisdictional prerequisite to administration upon his estate as that of one deceased. And if the owner is in fact alive at the time, proceedings for the administration of his estate are void. Scott v. McNeal, 154 U. S. 34, 14 S. Ct. 1108, 38 L. ed. 896. So a petition for letters testamentary or of administration which does not show the fact of death confers no jurisdiction, and a final decree without an adjudication of death is void on its

face. The ultimate question here is whether there can be an administration, as in the case of a· deceased person, upon the estate of one whose death, if in fact he is not alive, is established only by the presumption of law arising from seven years' unexplained absence from his usual place of abode without his having been heard from by those likely to hear from him if he remained alive. (We are not required to consider now whether there must be proof also by those relying on the presumption of a diligent but fruitless search and inquiry. See Modern Woodmen v. Gerdom, 72 Kan. 391, 82 P. 1100, 2 L. R. A. (N. S.) 809, 7 Ann. Cas. 570; Miller v. Sovereign Camp, 140 Wis. 505, 122 N. W. 1126, 28 L. R. A. (N. S.) 178, 133 A. S. R. 1002; Modern Woodmen v. Ghromley, 41 Okl. 532, 139 P. 306, annotated, L. R. A. 1915B, 728, Ann. Cas. 1915C, 1063.) Where it is an essential of a cause of action, death may be established by presumption alone; for example, in suits on policies of life insurance wherein the one who has disappeared was the insured. Our own and other cases to that effect are cited and considered in Goodier v. Mutual Life Ins. Co. 158 Minn. 1, 196 N. W. 662, 34 A. L. R. 1383.

If in such cases presumption may establish the fact of death sufficiently for affirmative judicial action, there is no reason why it should not have the same effect in deciding the same issue when raised by a petition for letters of administration. It is said that the presumption of death from seven years' unexplained absence is available "for all legal purposes," 8 R. C. L. 708; and that "the absent person is presumed to be dead for all purposes and in all courts." Donovan v. Major, 253 Ill. 179, 184, 97 N. E. 231, 233. The presumption "affords sufficient prima facie evidence of the death of such absentee to authorize administration on his estate." Dunnell, Minn. Probate Law, § 616. See also 23 C. J. 1007; Wisconsin Trust Co. v. Wisconsin M. & F. Ins. Co. Bank, 105 Wis. 464, 81 N. W. 642; Appeal of Daggett, 114 Me. 167, 95 A. 809; Donovan v. Major, 253 Ill. 179, 97 N. E. 231; Stevenson v. Montgomery, 263 Ill. 93, 104 N. E. 1075, Ann. Cas. 1915C, 112. In Scott v. McNeal, 154 U. S. 34, 49, 14 S. Ct. 1108, 38 L. ed. 896, it was said that:

"The fact that a person has been absent and not heard from for seven years may create such a presumption of his death as,. if not overcome by other proof, is such prima facie evidence of his death, that the probate court may assume him to be dead and appoint an administrator of his estate."

Of course, as said in that connection, it may later appear that the supposed decedent was in fact alive at the time an administrator was appointed. In such case the presumption of death will be overthrown by proof contra, and the proceedings for administration will fall for lack of jurisdiction. The same thing happens where the proof of death supporting the administration of the estate of one supposedly dead, whether direct or circumstantial, turns out to be false or misleading, as it might in the case of the mistaken identification of the body of a dead person as that of someone else. In such a case also the administration proceeding must fall for want of jurisdiction. So there is nothing anomalous about the same result where the mistaken proof of death consists alone of the presumption rather than direct or circumstantial proof.

Reasonably construed, the petition for letters of administration on the estate of Loranson alleged that he was dead. Several times, it either refers to or assumes the fact of death and finally avers unequivocally "that said decedent died as aforesaid without leaving a last will and testament." That interpretation of the petition is in nowise weakened by the fact that it indicates that the only support for the averment of death was the presumption from seven years' unexplained absence. The authorities make that enough in the absence of opposing proof. The same considerations apply to the final decree. It adjudged that Loranson died intestate. The accompanying reference to his disappearance in April of 1913 and the recital that he had not since been heard from by any of his relatives and friends can have no other effect than that of indicating that the finding of death was put upon presumption rather than proof. That does not militate against it so long as the presumption was adequate to the finding, and it was in the absence of opposing

proof. Apparently there was none in the probate court, and none has been tendered in this case.

So as matters stand, there is no defense for guardian and surety, defendants in this action. The petition for letters of administration averred and the final decree established the fact of death. In the absence of proof to the contrary, the fact that both averment and finding were based alone upon the presumption is not enough to avoid them.

Judgment affirmed.