20319. SLIGH *et al. v.* WHITLEY, ordinary, for use, etc.

BROYLES, C. J. 1. Where a woman, believing her husband dead, obtains letters of administration upon his estate, and qualifies as the administratrix and gives the required bond, and where subsequently she breaches material provisions of the bond, to the injury of a creditor of the estate, she and her sureties on the bond are liable to such creditor. She, having gained control of her husband's property by having herself appointed as the administratrix of his estate, will not be heard to deny the legality or validity of that judgment (which she invoked) of the court of ordinary. See, in this connection, *Griffin* v. *Collins,* 122 *Ga.* 102, 106 (49 S. E. 827) ; Williams *v.* Kiernan, 25 Hun (N. Y), 355, 361.

(a) "The fact that the issuance of the letters of administration was irregular or invalid does not as a rule affect the liability of either principal or sureties on the administration bond. In such a case a bond may be upheld as a common-law bond, and the sureties are estopped to question the regularity of the letters." 24 C. J. 1059, § 2536; *Crawford* v. *Howard,* 9 *Ga.* 314; *Awtry* v. *Campbell,* 118 *Ga.* 464 (45 S. E. 301).

(b) Even though the administration proceedings were void because of the fact the husband was not dead, they were invalid from the date only of the knowledge of that fact, when the presumption of his death was rebutted. Donovan *v.* Major, 253 Ill. 179 (97 N. E. 231).

2. "It has never been held, and never can be held, that it is not within the power of a jury, after considering testimony of a particular witness, to disbelieve it, either from his appearance or his demeanor or manner upon the stand, or from the inherent nature of the facts testified to by him, *although it be uncontradicted.*" (Italics ours.) *Haverty Furniture Co.* v. *Calhoun*, 15 *Ga. App.* 620, 621 (84 S. E. 138).

3. The first special ground of the motion for a new trial is without merit, and the remaining special ground is not approved by the trial court.

4. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 16, 1930. REHEARING DENIED MAY 20, 1930.

*Philip Newbern,* for plaintiff in error.   *Rogers & Rogers,* contra.

