### 21617. BANK OF JONESBORO *v.* WILSON.
### 21657. WILSON *v.* BANK OF CLAYTON COUNTY.

BROYLES, C. J. 1. The State of Georgia not having enacted any statutes setting up special procedure to enable administration to be had upon the estates of persons presumed to be deceased, so as to bring such administration within the due process of law clause of the fourteenth amendment of the constitution of the United States, "it is absolutely essential to jurisdiction of the administration of an estate that the person on whose estate such administration is granted shall be dead. Any administration upon the estate of a living person is void; and while it is true that the presumption of death arising from a person's absence, unheard from, for a considerable length of time may present a prima facie case sufficient to warrant a grant of administration on his estate, the arising of such presumption does not take the case out of the operation of the general rule on the subject, and if it is made to appear that the person was in fact alive at the time such administration was granted, the administration is absolutely void. *Payment to an administrator of an absentee who is not in fact dead is no defense against the absentee.*" (Italics ours.) 23 C. J. 1007, 1008; Redfearn's Wills and Administration of Estates, 186, 187; 11 R. C. L. §§ 88-91; Scott *v.* McNeal, 154 U. S. 34 (14 Sup. Ct. 1108, 38 L. ed. 896).

(*a*) The decision of this court in *Sligh* v. *Whitley,* 41 *Ga. App.* 428 (153 S. E. 237), is not in conflict with the above-stated ruling.

2. The foregoing rulings are controlling in the instant case, and the court properly directed a verdict in favor of the plaintiff.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

*Mundy & Wright, O. J. Coogler,* for Bank of Jonesboro.
*J. A. Henderson, W. M. Dallas, W. H. Reynolds,* contra.