23288. NATIONAL SURETY COMPANY *v.* WAGES, ordinary, for use, etc.

DECIDED JANUARY 31, 1934.   REHEARING DENIED FEBRUARY 23, 1934.

*Harry S. McCowen,* for plaintiff in error.

*Smith, Smith & Bloodworth, J. E. Mundy,* contra.

JENKINS, P. J.   1.   "The purpose of an administration bond is to secure creditors and next of kin from loss through the default or fraud of the administrator, and to furnish indemnity to the estate." 24 C. J. 1058; 11 R. C. L. 303.   Section 3972 of the Civil Code (1910) requires that such a bond "shall be conditioned for the faithful discharge of his duty as administrator, as required by law." In the instant case, the administration bond contained the usual conditions, substantially the same as set forth in *Awtrey* v. *Campbell,* 118 *Ga.* 464, 467 (45 S. E. 301), where the administrator's undertaking was,— (1) to make a true and perfect inventory of the properties of the deceased, exhibit and return the same as required by law; (2) to well and truly administer the estate according to law, and make a just and true accounting of his actings and doings; (3) to deliver and pay to those entitled by law what might remain after such accounting; and (4) if any will should be found, and the executors obtained a certificate of probate, to surrender the letters of administration if legally required.

2.   Sureties on an administration bond, as in the case of other bonds, "have a right to stand strictly upon the contract which they entered into, and courts, any more than parties, can not vary it." *Webster* v. *Thompson,* 55 *Ga.* 431, 434.   11 R. C. L. 300.   "They can not be held liable contrary to or beyond the condition of the bond."   24 C. J. 1058.   The fact that the bond given may not be a valid administrator's bond, but good as a voluntary or common-law obligation (see *Awtrey* v. *Campbell,* supra; *Crawford* v. *Howard,* 9 *Ga.* 314, 317; *Griffin* v. *Collins,* 122 *Ga.* 102, 106, 49 S. E. 827), will not charge the obligors "with liabilities and obligations greater than, or different from, those which they assumed in the instrument executed by them."   9 C. J. 27; Kuhl *v.* Chamberlain, 140 Iowa, 546 (118 N. W. 776; 21 L. R. A. (N. S.) 766, note); Conant

*v.* Newton, 126 Mass. 105, 110. Thus, "the general rule is that the estate of a decedent is not liable for tortious acts of an executor or administrator, even though such acts are committed in the course of the administration, and the executor or administrator in committing them purports to be acting for the estate he represents;" and when "an administrator, purporting to act in his representative capacity, illegally takes possession of money . . and appropriates that money to the use and benefit of the estate . . the estate can not be sued in tort for the administrator's unlawful taking of the money." *Hundley* v. *Pendleton,* 9 *Ga. App.* 268 (70 S. E. 115), and cases cited. When money or property of another comes into the hands of an administrator, it does not become an asset of the estate; no creditor has the right to subject it to the payment of his demand; and the surety on the administrator's bond is not liable to the injured party for its misapplication. *Bank of Newton County* v. *American Bonding Co.,* 141 *Ga.* 326, 328 (80 S. E. 1003, 50 L. R. A. (N. S.) 1089); *Cooper* v. *White,* 19 *Ga.* 554, 556; 24 C. J. 1063. Where money is thus received by an administrator, to which as administrator he is not entitled, "no provision of law would or could make it a part of the estate of his decedent," and "if it was not a part of his duty as administrator to receive it, his sureties could not be made liable, because their undertaking was that he should faithfully discharge his duties as administrator as prescribed by law." *Johnson* v. *Hall,* 101 *Ga.* 687, 691 (29 S. E. 37). "Sureties upon the bond of an administrator are liable only for acts of nonfeasance or misfeasance upon the part of the administrator in respect to his official acts. If he fairly and honestly administer the estate committed to his care, and pay to the distributee his proportionate share of that estate, then, in so far as the distributee is concerned, he and his sureties are discharged from all obligations upon his official bond." *Bird* v. *Mitchell,* 101 *Ga.* 46 (4), 54 (28 S. E. 674). The same principle would be applicable to a creditor or any other for whose benefit the bond is required and given.

3. "It is absolutely essential to jurisdiction of the administration of an estate," in this State, "that the person on whose estate such administration is granted shall be dead. Any administration upon the estate of a living person is void; and while it is true that the presumption of death arising from a person's absence, unheard

from for a considerable length of time, may present a prima facie case sufficient to warrant a grant of administration on his estate, the arising of such presumption does not take the case out of the operation of the general rule on the subject, and if it is made to appear that the person was in fact alive at the time such administration was granted, the administration is absolutely void." *Bank of Jonesboro* v. *Wilson,* 43 *Ga. App.* 839 (160 S. E. 653); Redfearn on Wills & Administration, 186, § 108; 11 R. C. L. 89-91. While a "payment to an administrator of an absentee who is not in fact dead is no defense against the absentee" (*Bank of Jonesboro* v. *Wilson,* supra), and "the fact that the issuance of the letters of administration was irregular or invalid does not as a rule affect the liability of either principal or sureties on the administration bond," but "in such a case a bond may be upheld as a common-law bond, and the sureties are estopped to question the regularity of the letters," the administrator (although believing the person dead) not being "heard to deny the legality or validity of that judgment (which he invoked) of the court of ordinary (*Sligh* v. *Whitley,* 41 *Ga. App.* 428, 153 S. E. 237; *Davis* v. *Melton,* 46 *Ga. App.* 639, 642, 168 S. E. 320), yet, under the ruling in the preceding paragraphs, where the returning absentee or other person injured by the void administration proceedings sues a surety upon the bond for acts of the administrator which did not constitute a breach of its conditions, there can not be a recovery. 11 R. C. L. 304; and authorities cited supra.

4. Accordingly, in the instant case, where a father in good faith, assuming his daughter to be dead, from her absence for more than seven years unheard of, obtained letters of administration upon her estate, and collected from a bank, as a supposed asset of the estate, a sum of money deposited to her credit, administered and disbursed the same to the beneficiaries of the supposed estate, who would have been legally entitled thereto had the daughter been dead, and, after duly complying with the duties of administration, obtained without any fraud his discharge from the court of ordinary, and did not learn until after such discharge that his daughter was in life, and where the daughter, upon her return, obtained a judgment against the bank for the amount of her deposit, which was affirmed by this court upon the theory that the payment to the administrator under the void administration proceedings could not afford protection

(*Bank of Jonesboro* v. *Wilson,* supra), the ordinary, suing for the use of the bank sustaining the loss, would have no cause of action therefor against the principal and surety on the administration bond on account of its alleged breach by the acts of the administrator. Even if the bond given in the void proceedings be taken as a common-law bond, this would not extend the obligations of the parties beyond the express or necessarily implied conditions which they undertook, so as to create a liability that was not in the contemplation of the parties when they executed the instrument upon the conditions stated in the first paragraph of this opinion. Neither the supposedly deceased daughter nor the bank was a creditor, distributee, or other beneficiary of the "estate." Whatever rights or remedies the bank acquired by its payment of the money did not accrue until it sustained its loss, after the distribution of the supposed estate and the discharge of the administrator. The money received and disbursed in the administration proceedings never legally became a part of the "estate," although it was collected and paid out in good faith and due course in the administration. Since there was no misfeasance or nonfeasance with respect to any official act by the administrator, as required under the conditions of the bond, no breach or liability existed. In *Sligh* v. *Whitley,* supra, an examination of the record shows that the recovery was based upon alleged and proved breaches of the conditions of the bond; and in the other cases, above cited, upon which the defendant in error relies, based upon common-law bonds, there were breaches of the conditions.

5. For the reasons stated, and irrespective of the effect of the judgment discharging the administrator as a release of the bond, and the defense of mutual mistake, neither of which questions need be determined, the court erred, under the agreed statement of facts, in entering judgment for the plaintiff bank against the surety on the administration bond.

*Judgment reversed. Sutton, J., concurs. Stephens, J., concurs in the judgment.*