574

No. 10252.   APRIL 12, 1935.

*Smith, Smith & Bloodworth* and *J. E. Mundy,* for plaintiff.
*Harry S. McCowen,* for defendant.

BELL, Justice.   Certiorari was granted to review the decision of
the Court of Appeals as reported in 48 *Ga. App.* 720 (173 S. E.
451).   E. S. Wages as ordinary of Gwinnett County, Georgia, suing
for the use of the Bank of Jonesboro, brought suit against John W.
Mears and National Surety Company, and alleged the following:
On or about April 10, 1920, Willie Grace Mears Huff inherited
from her mother $620.83, which was placed to her credit in the
Bank of Clayton County, now the Bank of Jonesboro.   The sum
was deposited in savings account, and bore interest.   In June,
1928, J. W. Mears, father of Willie Grace, filed in the court of ordi-
nary of Gwinnett County his petition for letters of administration
on the estate of Willie Grace, alleged to have been a resident of
that county, and presumed to be dead by reason of her disappear-
ance from her last known place of residence for more than seven
years.   In September, 1928, letters of administration were issued
to the applicant, J. W. Mears, and he qualified and gave bond in
the sum of $1500, with National Surety Company as security.
In November, 1928, Mears as administrator demanded and received
from the Bank of Jonesboro the sum of $842.92, this being the
amount then standing to the credit of Willie Grace on whose estate
letters of administration had been issued.   In June, 1930, Willie
Grace Mears Huff, then known as Mrs. Willie Wilson, appeared in
person at the Bank of Jonesboro and demanded payment of the
sum which had theretofore been deposited to her credit.   The bank
advised her that the money had lately been paid to J. W. Mears as
administrator of her estate, and accordingly refused the demand
for payment.   Thereafter Willie Grace Mears Huff, now Mrs.
Willie Wilson, instituted suit against the bank, and recovered a
judgment against it.   This judgment was affirmed by the Court of
Appeals (43 *Ga. App.* 839, 160 S. E. 653); and on October 30,

1931, the bank paid the amount of $989.73 as principal and interest, besides $33 costs. "From and after June 30, 1930, when the said Mrs. Willie Wilson, formerly Willie Grace Mears Huff, reappeared, and the presumption of her death theretofore existing was rebutted, the administration proceedings, taken in Gwinnett County court of ordinary by J. W. Mears, were and they thereupon became void and of no effect. That demand has been made for the repayment by the said J. W. Mears and his said bondsman, the National Surety Company, to the Bank of Jonesboro of the funds secured by the said alleged administrator from said bank, and that said administrator and his said bondsman fail and refuse to account to petitioner or to the said bank for the said sums paid, as aforesaid, by the said bank, to the said John W. Mears. . . That by reason of the foregoing facts said defendants are indebted to petitioner in the sum of $1025.73, besides interest."

The bond, formal parts omitted, was as follows: "Know all men by these presents, that we J. W. Mears, principal, and National Surety Company, New York, N. Y., securities, are held and firmly bound and obliged unto the honorable the ordinary of said county for the time being, and his successors in office, in the sum of $1500, to be paid to the said ordinary, his successor in office or assigns, for which payment, well and truly to be made and done, we bind ourselves jointly and severally, and each of our heirs, executors, and administrators, firmly by these presents. Sealed with our seals and dated at September 17, 1928. The condition of the above obligation is such, that of the above bound J. W. Mears, administrator of the goods, chattels, and credits of Willie Grace Mears, also known as Willie Grace Huff or Willie Huff, deceased, do make a true and perfect inventory of all and singular the goods, chattels, and credits of the said deceased which have or shall come to the hand, possession, or knowledge of the said J. W. Mears, or in the hands or possession of any other person or persons for him, and the same so made to exhibit in the court of ordinary of said county when he shall be thereunto required, and such goods, chattels, and credits do well and truly administer according to law, and make a just and true account of his actings and doings therein when required by the superior court or the ordinary of said county, and all the rest of the goods, chattels, and credits which shall be found remaining upon the account of the administrator, the same being

first allowed by the said court, shall deliver and pay to such persons respectively as are entitled to the same by law. And if it shall hereafter appear that any last will and testament was made by the said deceased, and the same be proved before the court, and the executors obtain a certificate of the probate thereof, and the said J. W. Mears do in such case, if required, render and deliver up the said letters of administration, then this obligation to be void; else to remain in full force."

The case was tried on an agreed statement which showed the facts to be in substantial accord with the allegations of the petition, and disclosed further that the administrator had distributed the estate to the persons thought to be entitled thereto, and had obtained a discharge from the court of ordinary. The judgment of the trial court was in favor of the plaintiff, but this judgment was reversed by the Court of Appeals.

After a thorough consideration of the questions of law involved, we agree with the Court of Appeals that the bond in question did not contemplate such a liability as was claimed, and that the judgment in the plaintiff's favor as for a breach of the bond was unauthorized.

*Judgment affirmed. All the Justices concur, except Hutcheson, J., disqualified.*

BELL, Justice, concurring. Upon the argument the writer expressed the tentative view that the bank might have a remedy in tort (cf. Scott *v.* McNeil, 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. ed. 896) ; but, even if so, the recovery had in the present suit could not be sustained upon that theory, for the reason that the action was brought, not in the name of the bank as the party damaged, but in the name of the ordinary suing for its use. See *McElmurray* v. *Harris,* 117 *Ga.* 919 (43 S. E. 987) ; *McEachern* v. *Edmondson,* 122 *Ga.* 80 (49 S. E. 798).