HOLT *et al. v.* INDUSTRIAL LIFE AND HEALTH INSURANCE COMPANY.

No. 11319. JUNE 12, 1936.

*Ben C. Williford,* for plaintiffs.
*McElreath, Scott, Duckworth & DuVall,* for defendant.

GILBERT, Justice. Rebecca Benard filed suit against the Industrial Life and Health Insurance Company for $138 and interest, as beneficiary under an insurance policy issued by the defendant to Ralph Holt, and for $250 as attorney's fees; alleging that the insured died on July 25, 1934, that all premiums had been paid and all requirements of the insurance company complied with, but that the company, because of stubbornness, had refused to make payment, and therefore that the company is legally bound to pay her, in addition to the amount due under

the policy, 25 per cent. thereof as damages, together with attorney's fees, and that by reason of the conduct of the company she had been obliged to employ an attorney to represent her. The petition alleged that she was unable to attach a copy of the policy because the defendant had obtained the policy from her and had refused to return it to her in spite of her repeated demands for it. Subsequently Helen Holt and Alice Mae Holt filed a petition in the same court, alleging that they were the sole heirs of Rebecca Benard, who had died intestate on January 30, 1936, after filing the above-mentioned suit; that her estate consisted of no property except the amount due her under the aforesaid insurance policy, and that she was not indebted to any one in any amount whatever. They asked that a receiver be appointed and empowered to proceed with the suit and to administer the said estate; and for general relief. By amendment they alleged that they were two orphan negro girls without employment or a home, totally destitute of either property or money with which to pay the cost of administration of the estate of Rebecca Benard; that they had consulted the county administrator and had been advised by him that the costs would be approximately $107, and that by reason of the estate being so small he refused to administer it; that the only way they could continue the litigation would be for the court to appoint one of them as receiver, or to allow them as the sole heirs of Rebecca Benard to be made parties plaintiff, and, in case of recovery, to give bond to indemnify the insurance company for whatever judgment it might be required to pay; that the ordinary refuses to appoint an administrator without all costs for a permanent administrator being paid in advance in cash; that they have no remedy at law, and there would be a miscarriage of justice unless equity aids them; and that the defendant, knowing of their poverty-stricken condition, is taking advantage of their misfortune and is insisting on the appointment of an administrator. Upon the hearing the court rendered judgment that "The petition in this case that equity take charge of this case, and by appointing a receiver proceed with the case in the name of the receiver, as herein amended, is at interlocutory hearing denied." The petitioners excepted.

It was ruled in *Murphy* v. *Pound,* 12 *Ga.* 278, *Smith* v. *Smith,* 141 *Ga.* 629 (81 S. E. 895), *Brown* v. *Mutual Life Insurance Co.,*

146 *Ga.* 123 (90 S. E. 856), *Battey* v. *Meyerhardt,* 157 *Ga.* 800 (122 S. E. 195), and *Hausauer* v. *Order of Railway Conductors,* 176 *Ga.* 369 (168 S. E. 24), and a number of cases to the same effect, that the heirs at law of an intestate can not maintain a suit to recover on debts due the intestate, although the intestate owed no debts and there is no administrator. However, it has never been ruled that there is no exception to such rule or that under no circumstances will a court of equity intervene to prevent injustices that can not otherwise be overcome. In a number of cases exceptions have been recognized. In the cases holding that such suit can not be maintained it is argued that although the petition alleges that there are no debts and no need for an administrator, it may subsequently develop that there are debts. In the present case it is alleged that the petitioners are the only heirs at law of the intestate, the beneficiary in an insurance policy; that the insurance company is indebted in the sum of $138 and interest; that the petitioners are two orphan negro girls, neither of whom has employment or a home; and that both are wholly destitute of money or property with which to pay the costs necessary to have an administrator appointed on the estate of their deceased grandmother, the beneficiary in the insurance policy. It is further alleged that they have sought to have the county administrator to qualify, but that he advised them that the cost of administration would be approximately $107, and that the suit is only for $138 and interest, which would leave them only $31 and a small amount of interest, out of which attorney's fees must be paid. Moreover, should the petitioners be compelled to procure the appointment of an administrator, it is within the bounds of possibility that further litigation might still be necessary in order to collect the funds from the insurance company. In the present case the insured died on July 25, 1934, and it is alleged that all premiums have been paid and all the requirements of the insurance company complied with, but that the company has refused to make payment. Petitioners are now asking, under the peculiar circumstances and hardships that any other course would necessitate, that a court of equity, which has concurrent jurisdiction with a court of ordinary, make a finality of the question and prevent the greater portion of the small estate being paid out in court costs. The appeal to a court of equity is even stronger where, as in the present case,

the county administrator advises the petitioners of costs that would be incurred and, impliedly at least, advises them against making an application for administration of the estate. In these circumstances and under the peculiar facts, the court of equity should intervene, because these petitioners have no remedy so adequate, complete, convenient, and satisfactory as may be afforded them by a court of equity. The judgment dismissing the case is therefore

*Reversed. All the Justices concur, except Beck, P. J., and Atkinson, J., who dissent.*