*Douglas, Andrews & Cole, J. E. Feagin,* and *Walter A. Sims,* for defendants.

JONES *et al.* v. GANN *et al.,* executors.

No. 11946. OCTOBER 5, 1937.

*R. B. Pullen,* for plaintiffs.

*George D. Anderson* and *Gordon B. Gann,* for defendants.

BELL, Justice. E. W. Jones and others filed a suit in equity against Gordon B. Gann and Dr. G. O. Allen as executors of the estate of J. M. Gann, deceased. The court sustained a general demurrer and dismissed the petition, and the plaintiffs excepted. The petition alleged substantially the following:

J. M. Gann, deceased, was ordinary of Cobb County during the years 1931 and 1932. During these years, E. W. Jones was administrator of two estates, which he fully administered by distribution to the heirs at law, except that one of the heirs at law of each estate, Charlie Jones, had been absent and unheard of since the year 1927, and on the advice and direction of the ordinary and of his son Gordon B. Gann, an attorney, whom the administrator had employed on the recommendation of the ordinary, the shares of Charlie Jones in the two estates, amounting to about $610 in cash, were delivered to the ordinary as a depositary to be kept until such time as the whereabouts of Charlie Jones could be ascertained or until his estate should be administered. Thereafter E. W. Jones was granted letters of dismission as administrator of each estate. At the filing of the present suit, May 14, 1937, Charlie Jones is still absent, and has never been heard from since his disappearance in the year 1927. He is therefore presumed to be dead, and one of the prayers was that the court should in this case so decree. The petition further alleged that Charlie Jones died intestate, leaving no debts; that the plaintiffs are his sole heirs at law; that the estate of J. M. Gann is insolvent; that the funds deposited are no part of his estate, but constitute a trust fund and should be accounted for as such by the executors; that this fund, however, was mingled with the other assets of the estate of J. M. Gann during his lifetime; and that unless a court of equity assumes jurisdiction and requires an accounting, "said trust fund will be administered by the executors of the estate, and petitioners will suffer irreparable loss and injury." The petition contained the following prayers: That the court decree Charlie Jones to be dead; that the funds so deposited with the ordinary be decreed to be a trust fund in favor of the petitioners; that a receiver be appointed to take charge of the estate of J. M. Gann, deceased, for the purpose of preserving the estate, and in order that the trust fund of petitioners intermingled therein and therewith be ascertained and segregated; that the rights of petitioners may be protected; that the executors be restrained from disbursing any funds or selling any property of the estate until the plaintiffs' claims are adjudicated; that a decree be entered, authorizing the distribution of such fund to petitioners according to their respective interests; and that the plain-

tiffs have such other and further relief as the court may deem proper.

The court did not err in sustaining the general demurrer and dismissing the petition. If the petition alleged such facts as to raise a presumption that Charlie Jones was dead, upon the establishment of such facts in the court of ordinary an administrator of his estate could be appointed. *Adams* v. *Jones, 39 Ga.* 479 (4) ; *Jennings* v. *Longino, 177 Ga.* 591, 600 (170 S. E. 806) ; *National Surety Co.* v. *Wages, 48 Ga. App.* 720 (173 S. E. 451), affirmed, 180 *Ga.* 574 (179 S. E. 761). A suit can not be maintained by the distributees of an estate to recover personal property belonging to such estate, except through the legal representative, in the absence of special circumstances authorizing such a proceeding in equity. *Denny* v. *Gardner, 149 Ga.* 42 (99 S. E. 27) ; *Hausauer* v. *Order of Railway Conductors Home Asso., 176 Ga.* 369 (168 S. E. 24) ; *Holt* v. *Industrial Life & Health Ins. Co., 182 Ga.* 563 (186 S. E. 193). If it be true, as alleged, that the estate of Charlie Jones is subject to be administered as that of a deceased person, the petition does not allege any reason why the claims of the plaintiffs should not be asserted through an administrator. On the other hand, if Charlie Jones is not dead, or is not presumed to be dead, the plaintiffs then have no right to interfere. While the petition seeks to include equitable features, they relate solely to the liability of the defendants to equitable action, and do not refer to the right of the plaintiffs to maintain such action. *Buchholz* v. *Sapp, 148 Ga.* 352 (2) (96 S. E. 858). Regardless of other questions, the petition did not show any right in the plaintiffs to maintain the suit; and for this reason the court properly sustained the demurrer.

*Judgment affirmed. All the Justices concur.*