No. 33,515

WILLIAM J. WITHERS, *Appellee*, v. OWEN E. ROOT, as Probate Judge, and C. A. HIGHTOWER, as Treasurer of Linn County (THE BOARD OF COUNTY COMMISSIONERS OF LINN COUNTY, Special Intervenors), *Appellants.*

(73 P. 2d 1113)

Opinion filed December 11, 1937.

*James W. Wallace,* county attorney, for the appellants.

*F. M. Ball,* of Mound City, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by an heir against the county treasurer and probate judge of Linn county, in their official capacity,

for the recovery of a distributive share of his father's estate paid over to a former county treasurer by order of a former probate judge. No judgment was rendered against the probate judge. No personal judgment was rendered against Hightower, the county treasurer. A judgment in effect against Linn county was, however, rendered. It reads:

"5. That C. A. Hightower, as treasurer of Linn county, Kansas, is hereby and at this time ordered to pay to William J. Withers the sum of $422 and costs of this action *out of the money in the county treasury of Linn county, Kansas.*" (Italics inserted.)

The county treasurer appeals. The board of county commissioners was not made a party to the action. Subsequent to the rendition of judgment the board of county commissioners made special appearance and moved to have this judgment vacated and set aside on the ground of want of jurisdiction over the county. The grounds of the motion were the board of county commissioners had never been served with summons or otherwise notified of the pendency of the action and had not entered an appearance in the action. The record before us discloses nothing to refute the allegations contained in this motion. The motion was overruled, and from that ruling the board appeals.

A brief chronological review of the facts discloses: the plaintiff, William J. Withers, was one of seven heirs of John B. Withers, deceased. John B. Withers died in the Soldiers' Home at Hampton, Va., on February 3, 1927. His estate was administered in the probate court of Linn county, and final order of distribution was made and the administrator discharged on March 8, 1929. Prior to the closing of the estate and on December 8, 1928, the administrator reported to the probate court that William J. Withers was not at that time a resident of Linn county, that his address was unknown and could not be ascertained after diligent search by advertisement in newspapers of general circulation in several states, and that he was unable to ascertain whether William J. Withers was dead or living. The probate court on March 8, 1929, that being the date of final distribution, directed that the share of William J. Withers, in the sum of $422, be held by the administrator for a period of one year and if unclaimed be deposited with the county treasurer in accordance with the provisions of R. S. 22-932, and that a receipt be taken therefor and filed in the office of the probate court of Linn county. Such receipt was taken and filed on January 12, 1931.

On October 10, 1933, William V. Crosswhite appeared in the probate court and upon making a showing that the heir, William J. Withers, could not be found and had been absent from Linn county for a period of over fifteen years, and that there was a supposition of death, Crosswhite was appointed as administrator of this heir's estate. An order was then made by the probate court directing the county treasurer to pay the heir's share to Crosswhite as administrator and to be by him distributed among the heirs of William J. Withers in accordance with the law of descent and distribution. On October 11, 1933, the then county treasurer paid the distributive share of the heir to William V. Crosswhite. On August 14, 1936, William J. Withers appeared in person in the probate court and requested his distributive share. The probate court found him to be the heir of John B. Withers, deceased, and entitled to recover the fund deposited with the county treasurer on January 12, 1931, "from the ones in possession thereof." The heir then made demand on the defendant county treasurer for the distributive share, which demand was refused. On the same date, namely, August 14, 1936, the original petition was filed in the district court. An amended petition was filed December 21, 1936. A motion was filed by the county treasurer and the probate judge, asking that certain portions of the amended petition be stricken. The motion was overruled. The same defendants then filed a general demurrer, which was overruled. They then filed an answer. The court made findings of fact and conclusions of law, and on February 24, 1937, judgment was rendered. It was then the board of county commissioners filed the motion previously mentioned. A motion for a new trial was promptly filed and overruled. The motion, among other grounds, was based on alleged erroneous rulings of the court and on the ground the decision was in whole or in part contrary to the evidence.

Plaintiff relies mainly on the provisions of R. S. 22-932, prior to its amendment in 1935. The material facts in this case occurred before that amendment and hence the old statute, of course, controls. That statute provided:

"If any sum of money directed by an order of the court to be distributed to heirs, next of kin, or legatees, shall remain for the space of one year unclaimed, the executor or administrator shall pay over the same to the treasurer of the county for the benefit of the common schools of the county: *Provided*, If at any time within twenty-one years after the date of payment of said money to the county treasurer any person or the legal representative of any person shall appear and claim said money as the rightful heir to said estate, and shall prove heirship satisfactorily to the probate court, the judge of said court shall so

certify, and the county treasurer shall pay over to such claimant or his legal representative the sum so received from such estate."

The theory of plaintiff's action and the theory underlying the judgment of the trial court is that the administration on the estate of plaintiff, the absent heir, was void and hence the order of the probate court directing the county treasurer to pay the distributive share to Crosswhite, the administrator of the heir's estate, and such payment by the county treasurer, were both unlawful and void. From that premise it is reasoned the suit was properly brought against the present county treasurer, and that the money is still presumed in law to rest in that office. Upon that reasoning the county treasurer was directed in this action by the trial court to pay, not out of any particular fund, but just "out of the money in the county treasury," a sum which the petition alleged was, as a matter of fact, not in the treasury, but was unlawfully disbursed by a former county treasurer. That administration on the estate of an absent heir who was presumed to be dead, but who was later shown to be alive, was a complete nullity, cannot be doubted. In 23 C. J. Executors and Administrators, § 30, the principle involved is stated thus:

"It is absolutely essential to jurisdiction of the administration of an estate that the person on whose estate such administration is granted shall be dead. Any administration upon the estate of a living person is void, and while it is true that the presumption of death arising from a person's absence, unheard from, for a considerable length of time may present a prima facie case sufficient to warrant a grant of administration on his estate, the arising of such presumption does not take the case out of the operation of the general rule on the subject, and if it is made to appear that the person was in fact alive at the time such administration was granted, the administration is absolutely void."

See cases cited in footnotes and *Bank of Jonesboro v. Wilson*, 43 Ga. App. 839, 160 S. E. 653; *Williams et al. v. Hefner*, 89 Mont. 361, 297 Pac. 492; *Bornemann v. Ofsthun*, 175 Minn. 493, 221 N. W. 876; *In re Katz's Estate*, 239 N. Y. Supp. 722. In the early case of *Scott v. McNeal*, 154 U. S. 34, 14 S. Ct. 1098, 38 L. Ed. 883, which case has been frequently cited, it was said:

"The appointment by the probate court of an administrator of the estate of a living person, without notice to him, being without jurisdiction, and wholly void as against him, all acts of the administrator, whether approved by that court or not, are equally void; . . ." (p. 49.)

It therefore follows a former county treasurer, and not the one sued here, unlawfully disbursed plaintiff's distributive share. It is

clear the fund never having come into the possession of the defendant county treasurer, it could not have been unlawfully disbursed by him. Nevertheless, this action was brought against the present county treasurer in his official capacity. He does not constitute the governing body of the county and has no right or privilege to pay moneys out of the general fund of the county without lawful authority so to do. He therefore properly refused to comply with the demand of plaintiff to deliver to him the distributive share which was not in the county treasury nor in his possession as such officer in any capacity.

The judgment was in effect a judgment against the county. It directed the payment "of the sum of $422 and costs of this action *out of the money in the county treasury of Linn county.*" In view of the particular nature of the judgment the board of county commissioners became an interested party. The judgment, if executed, would have depleted county funds to the extent of $422 and court costs. The commissioners had a right to be heard in such an action. The board of county commissioners constitutes the governing body of the county. (G. S. 1935, 19-103.) The judgment could not bind the county unless it was a party to the action. The law prescribes how counties may sue and be sued. The pertinent portion of G. S. 1935, 19-105, provides:

"In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be 'The board of county commissioners of the county of———;' "

Process was not served on the county as required by law (G. S. 1935, 19-106), or in any other manner.

There are some statements in the brief of plaintiff to the effect that the county attorney was in the action from the beginning. The record discloses only that he represented the county treasurer. The record in no wise discloses he represented the board of county commissioners or that any motion or pleading was ever filed in its behalf by anyone. Assuming, without deciding, a valid judgment could have been rendered against the county for the heir's distributive share on any theory, the fact remains the county was not made a party. The record discloses no general appearance in the action by it, and the judgment cannot reach the general funds of the county.

It is thus apparent the party, namely, a former county treasurer, whom the petition charged with having unlawfully disbursed the funds in question, is not sued in this action.

Appellee insists that under the provisions of R. S. 22-932 he was entitled to the payment of his distributive share by any county treasurer upon demand at any time within the period of twenty-one years. There can be no question concerning that fact provided such share was there to be paid. That it was not there is conceded. That it was used or appropriated for the benefit of the county is not contended. That it was in fact unlawfully disbursed by a former county treasurer is expressly pleaded. No authority is cited and we know of none which makes the county liable for such an unauthorized act of a county treasurer. In any event the judgment could not bind it unless it was made a party to the action.

For other reasons than those here discussed the judgment cannot stand. It is, however, unnecessary to further extend this opinion. The judgment is reversed and the action remanded with directions to enter judgment for appellants.